LOCAL 4501, COMMUNICATIONS WORKERS OF AMERICA, APPELLANT, *v.*
OHIO STATE UNIVERSITY ET AL., APPELLEES.

[Cite as Local 4501, Communications Workers of America *v.* Ohio State Univ. (1990), 49 Ohio St. 3d 1.]

(No. 88-1772 — Submitted November 21, 1989 — Decided February 7, 1990.)

*Francisco A. Garabis*, for appellant.

*Anthony J. Celebrezze, Jr.*, attorney general, *Moots, Cope, Stanton & Kizer, L.P.A., Elizabeth M. Stanton* and *Wanda L. Carter*, for appellees.

HOLMES, J. The Union appeals to this court setting forth the singular proposition of law that "due process of law guarantees a classified civil service employee of the state of Ohio [the right] to preserve testimony presented by the appointing authority and himself at a pretermination disciplinary hearing."

As properly relied upon by the court of appeals below, *Cleveland Bd. of Edn.* v. *Loudermill* (1985), 470 U.S. 532, is the controlling case that speaks to the issue of what process is due an employee in a pretermination hearing. The *Loudermill* court held generally that "the pretermination 'hearing,' though necessary, need not be elab-

orate" and that "* * * 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." *Id.* at 545. More specifically, the *Loudermill* court set forth the basic requirements as follows:

"The essential requirements of due process, and all that respondents seek or the Court of Appeals required, are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. * * * [Citation omitted.] The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. * * * [Citation omitted.] To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id.* at 546.

Upon remand of the matter in *Loudermill,* the Sixth Circuit Court of Appeals, in affirming the decision of the district court, further clarified the process due an employee in such a pretermination hearing, as follows:

"The applicable substantive law is settled. It is clearly established that Loudermill, as a tenured public employee, was entitled to a pretermination hearing. *Cleveland Board of Edn.* v. *Loudermill,* 470 U.S. 532, 545, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985). Such a hearing, *though necessary,* 'need not be elaborate.' *Id.* In fact, the employee is *only* entitled to:

" '[i] oral or written notice of the charges against him;

" '[ii] an explanation of the employer's evidence; and

" '[iii] an opportunity to present

his side of the story.' *Id.* 470 U.S. at 546, 105 S. Ct. at 1495.

"In this case, an onerous burden is not placed upon the employer by these requirements. Indeed, the Supreme Court has stated that where state law provides for a full administrative post-termination hearing and judicial review, the pretermination hearing:

"[']need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions — essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.[']

"*Id.* at 545-46, 105 S. Ct. at 1495. The Supreme Court, in *Loudermill,* held that to require more than this 'prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.' *Id.* at 546, 105 S. Ct. at 1495.

"'* * *

"'* * * Indeed, courts construing the Supreme Court's language in *Loudermill* have required only the barest of a pretermination procedure, especially when an elaborate post-termination procedure is in place * * *.'' *Loudermill* v. *Cleveland Bd. of Edn.* (C.A. 6, 1988), 844 F. 2d 304, 310-312.

As noted by the Supreme Court in *Loudermill,* the purpose of the constitutionally required pretermination hearing is not to definitively resolve the factual or legal issues involved in a termination. Rather, it is simply "an initial check against mistaken decisions — essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action * * *." *Cleveland Bd. of Edn.* v. *Loudermill, supra,* at 545-546. The court in arriving at its determina-

tion set forth that a consideration of all aspects of any hearing rights afforded by the employer to the employee by state law must be balanced as to the due process afforded. The court stated: "We have pointed out that '[t]he formality and procedural requisition for the hiring can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings.' * * * Under state law, respondents were later entitled to a full administrative hearing and judicial review * * *. Our holding rests in part on the provisions in Ohio law for a full post-termination hearing."[1] *Id.* Just as the Supreme Court in *Loudermill* looked to the determinative law in Ohio at that time regarding due process hearing rights, we must also look to the current law in Ohio regarding such pretermination hearing rights. In addition to those rights still available in R.C. Chapter 124, R.C. 4117.10(A) provides, in pertinent part, that:

"An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure * * *."

Here, there are collective bargaining agreements entered into between the representatives of the employees, Local 4501, and the Ohio State University. Such agreements in Articles 8 through 11 outline the grievance and arbitration procedures afforded the employees covered by the agreements.[2] In essence such provisions provide full post-termination hearing

---

[1] Accordingly, footnote 6 of the opinion in *Cleveland Bd. of Edn.* v. *Loudermill, supra,* at 539-540, sets forth:

"After providing for dismissal only for cause, see n. 4, supra, § 124.34 states that the dismissed employee is to be provided with a copy of the order of removal giving the reasons therefor. Within 10 days of the filing of the order with the Director of Administrative Services, the employee may file a written appeal with the State Personnel Board of Review or the Commission. 'In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.' Either side may obtain review of the Commission's decision in the State Court of Common Pleas."

[2] The collective bargaining agreements between the parties provide, in pertinent part:

"8.2 A grievance, under this procedure, may be brought by any bargaining unit member.

"8.3 No grievance may be processed under this article which is appealable to the State Personnel Board of Review or has been processed under Article 9, Resolution of Disputes, or any other Grievance Procedure. *Beginning April 1, 1986, all employee grievances including those matters previously appealable to the State Personnel Board of Review, shall be processed under Article 8 or 9, whichever is appropriate.* No grievance shall be taken to arbitration if the identical issue of the arbitration is pending before or has been decided by the State Employment Relations Board involving identical parties.

"* * *

"[8.14, C.] 6. If the Union is not

rights to the plaintiff employees through impartial binding arbitration. Thus, it is the arbitration hearing, not the pretermination hearing, that is the equivalent of the State Personnel Board of Review hearing. As provided by the agreements between the parties, a record of the arbitration hearing is allowed.

We agree with the conclusion of the court of appeals that, "[a]ccordingly, there is no compelling necessity for preserving the evidence received at the pretermination hearing since a full *de novo* hearing is afforded either by binding arbitration pursuant to a collective bargaining agreement or by appeal to the State Personnel Board of Review whichever may be applicable." We hold that a classified civil service

---

satisfied with the University's final decision, it may submit the grievance to impartial arbitration under the provisions of Article 10, by written notice to the Director of Employee Relations within ten (10) working days after receipt of the Director's final decision.

"* * *

"ARTICLE 9
"RESOLUTION OF DISPUTES
"9.1 The parties to this Agreement, recognize that disputes will arise relative to interpretation of this Agreement which cannot be appropriately resolved through Article 8, Grievance Procedure. This procedure will only be used for those disputes, the nature of which cannot be effectively resolved by the supervisor at Level One or by the administrator at Level Two of the Grievance Procedure.

"* * *

"9.5 Should the Union disagree with the decision of the University, it may, within (10) working days following receipt of the University's decision, request that the dispute be submitted to impartial arbitration under the provisions of Article 10, Arbitration.

"* * *

"ARTICLE 10
"ARBITRATION
"10.1 A panel of three arbitrators shall be selected by the parties to serve on a continuing basis. The panel shall be assigned cases in rotating order designated by the parties. If an arbitrator is not available to hear a case within 60 calendar days, the case will be assigned to the arbitrator who can hear the case at the earliest date. Each arbitrator shall serve until his services are terminated by written notice by either party to the other. The arbitrator shall conclude his services by deciding any arbitration which may have been previously heard. A successor arbitrator shall be selected by the parties.

"10.2 The University agrees to allow the grievant any necessary witnesses requested by the employee, time off with pay to attend the hearing. All other fees and expenses of the arbitration shall be borne equally by the University and the Union. The fees and expenses of the arbitration are defined as follows:

"A. The cost of a *stenographer/reporter* as requested by the arbitrator or the parties thereto and the associated transcription costs. If a party desires a transcript of the proceedings, the total cost for such transcription shall be paid by the party desiring the transcript. If the other party desires a copy then the total cost of such transcription shall be shared equally by both parties.

"* * *

"ARTICLE 11
"DISCIPLINE
"* * *

"11.3 No bargaining unit member covered by this Agreement shall be given a suspension, removal or demotion order *without first being given the opportunity to attend a hearing at which the bargaining unit member or his representative may show cause why he or she should not be suspended, removed or demoted.* The local union will be advised at least forty-eight (48) hours in advance of such hearing and will, with such notification, be provided with a statement of the charge or charges alleged. The Local Union President and a steward may attend such hearing without loss of pay." (Emphasis added.)

employee of the state of Ohio must be afforded a pretermination disciplinary hearing; however, such hearing need not be elaborate, but must afford the employee the opportunity to have an explanation of the employer's charges and evidence against him, and an opportunity to present his side of the story. *Cleveland Bd. of Edn.* v. *Loudermill, supra,* applied and followed.

However, as found by the trial court and the court of appeals, we also hold that a classified civil service employee of the state of Ohio does not have a constitutional due process right to have a stenographic record or tape recording made of a pretermination hearing.

The court of common pleas properly granted summary judgment in this case, and the court of appeals properly affirmed, on the basis that there exists no constitutional right to preserve evidence at a pretermination hearing.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.