FIELDS, Appellant,

v.

SUMMIT COUNTY EXECUTIVE BRANCH, Appellee.

[Cite as *Fields v. Summit Cty. Executive Branch* (1992), 83 Ohio App.3d 68.]

Court of Appeals of Ohio,
Summit County.

No. 15567.

Decided Dec. 2, 1992.

**70**

*Richard Shrake*, for appellant.

*Lynda Harvey*, for appellee.

CACIOPPO, Presiding Judge.

On August 9, 1990, appellant, Handson Fields, was hired as a custodial worker at the Summit County Jail. On August 31, 1990, Fields's supervisor received reports that Fields had driven a county vehicle to a suspected crack house and that he was using drugs or smuggling drugs into the jail or both. The supervisor discussed the reports with Fields and then sent him home. Fields was instructed to report to the personnel office on September 4, 1990, for a predisciplinary hearing, but no hearing was held.

On September 5, 1990, Fields received a letter from Summit County. The letter stated that Fields was terminated immediately. On September 14, Fields received a removal order from the county. Fields appealed his termination to the State Personnel Board of Review ("state board").

On April 12, 1991, an administrative law judge issued her report and recommendation. The administrative law judge concluded that the state board did not have jurisdiction over the appeal because Fields's position was covered by a collective bargaining agreement and the agreement preempted the statutory appeal process. The state board adopted the administrative law judge's report and recommendation and dismissed the appeal. Fields appealed this decision to the Court of Common Pleas of Summit County. The court affirmed the decision of the state board. Fields appeals from the judgment of the trial court, asserting three assignments of error. We affirm.

### Assignment of Error I

"The reviewing court of common pleas erred and abused its discretion by failing to conclude that the fact that the collective bargaining agreement contained provisions for filing grievances and for the final and binding arbitration of grievances would not suffice to bar the jurisdiction of the State Personnel Board of Review over appellant's appeal of his removal pursuant to Section 4117.10(A) of

the Revised Code inasmuch as civil service law granted to appellant the right to appeal his removal to the State Personnel Board of Review, the collective bargaining agreement provided no grievance procedure for removals, the collective bargaining agreement affirmed the jurisdiction of the State Personnel Board of Review over appeals of terminations, and, in any event, the grievance procedure was defective in that it failed to provide unlimited access to a neutral adjudicator."

Appellant asserts in his first assignment of error that the trial court erred by finding that the state board did not have jurisdiction over Fields's appeal to the state board. We do not agree.

R.C. 124.27 provides that all original appointments be made for a probationary period. The period must be at least sixty days, but no more than one year. R.C. 124.27. R.C. 124.27 provides general procedures to be followed for the removal of a probationary employee. Pursuant to this scheme, a probationary employee who has completed the greater of sixty days or one half of his probationary period may be removed at any time during his probationary service. On the other hand, a probationary employee who has not completed the greater of the first sixty days or first half of his probationary period may be removed only under R.C. 124.34.

R.C. 124.34 provides that an employee who is removed shall receive a copy of the order of removal. A copy of this order must also be filed with the appropriate civil service commission or the state board. R.C. 124.34. Within ten days of the filing of the order, the employee may file an appeal with the state board. *Id.* The state board must then hear the appeal. Either party may appeal the state board's decision to the court of common pleas of the county in which the employee resides. *Id.* It is this general procedure to which Fields asserts he is entitled.

▪ The trial court held that these general procedures were not applicable to Fields because they were superseded by the provisions of a collective bargaining agreement, pursuant to R.C. 4117.10. R.C. 4117.10(A) provides that:

"(A) An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure. Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable

state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. * * * "

The provisions of a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 prevail over conflicting laws. *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO* (1991), 61 Ohio St.3d 658, 576 N.E.2d 745, paragraph one of the syllabus.

Fields contends that this provision is not applicable in the present case because the agreement does not provide for "a final and binding arbitration of grievances" as required by R.C. 4117.10(A). The trial court reviewed the agreement and found that a grievance procedure was in place and, pursuant to R.C. 4117.10(A), that the state board was without jurisdiction to hear and determine Fields's appeal.

The agreement provides that each new employee shall be required to complete a one-hundred-twenty-day probationary period. Section 18.1, Article 18. This provision also states that a probationary employee may be terminated at any time during the probationary period and shall have no right to appeal the termination. *Id.*

The agreement also has a grievance procedure in place. This procedure provides for resolution of any grievance. "Grievance" is defined by the agreement as "any dispute or difference between the employer and an employee concerning interpretation and/or application of, or compliance with, any provision of this Agreement." Section 21.2, Article 21. A four-step grievance procedure is outlined by the agreement. Section 21.8, Article 21. In the event that the grievance is not satisfactorily resolved by the grievance procedure, the grievance may be submitted to a review committee for a final and binding decision. Section 22.6, Article 22.

The trial court found that this procedure satisfied the requirements of R.C. 4117.10(A) for a "final and binding arbitration of grievances." Therefore, pursuant to R.C. 4117.10(A), Fields was subject solely to the provisions of the agreement. After reviewing the applicable statutory and contractual provisions, we cannot say that the trial court erred in reaching its decision.

The first assignment of error is not well taken.

## Assignment of Error II

"The reviewing court of common pleas erred and abused its discretion in affirming the order of the State Personnel Board of Review dismissing appellant's appeal for lack of subject matter jurisdiction, pursuant to Revised Code Section 4117.10(A), based on the fact that the collective bargaining agreement contains a passage stating that new hire probationary employees may be terminated at any time and have no right to appeal, when the agreement made no legally adequate

specification that appeals to the State Personnel Board of Review were forbidden so as to prevail over civil service law; when, even if a legally sufficient specification existed, in the absence of a procedurally adequate grievance procedure resulting in final and binding arbitration of removals, public policy as set forth by the second sentence of Revised Code Section 4117.10(A), would prevent divestment of appellant's right to appeal to the Board and the Board's jurisdiction over the appeal; when the construction given to the contractual term and Revised Code Section 4117.10(A) would result in rendering the term and the code provision unconstitutional; and/or when, if no other constructions were possible, such term and code section, to the extent they required and authorized the deprivation of property without due process of law, violated the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution."

■ Appellant asserts in his second assignment of error that the trial court erred by finding that the agreement prohibits a probationary employee from pursuing an appeal to the state board. We do not agree.

Section 18.1, Article 18 clearly states that "[a] new hire probationary employee may be terminated at any time during [the] probationary period and shall have no right to appeal the termination." The agreement also provides for final and binding internal review of a grievance. Section 22.6, Article 22. Reading these provisions together indicates that the agreement provides for a final internal review with no right to appeal to the state board. This is a proper subject for a collective bargaining agreement, where the statutory right to appeal may be either retained or bargained away by the parties. See *In re Lemley–Wingo* (Aug. 22, 1990), Ross App. No. 1622, unreported, at 10, 1990 WL 127040; *Bashford v. Portsmouth* (1990), 52 Ohio St.3d 195, 556 N.E.2d 477. After reviewing the applicable provisions of the agreement, we find that the trial court did not err by finding that the agreement prohibits a probationary employee from pursuing an appeal to the state board.

## Assignment of Error III

"The reviewing court of common pleas erred and abused its discretion in failing to hold that appellant's motion for summary disaffirmance was not moot; failing to hold that summary disaffirmance should be granted due to appellee's undisputed failure to provide a pretermination hearing for appellant; and independently holding that appellant, as a nontenured and probationary employee, had no constitutionally protected property interest in his employment sufficient to require a pretermination hearing."

Appellant asserts in his final assignment of error that the trial court erred by failing to find that he was denied due process because he was not granted a pretermination hearing. We do not agree.

Appellant asserts that he has a property right in his employment such that he should have received a hearing prior to his termination. The requirements of procedural due process apply only to the deprivation of interests protected by the Fourteenth Amendment. *Bd. of Regents v. Roth* (1972), 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556. Whether an interest is subject to procedural due process is determined by an examination of the nature of the interest at stake. *Id.* at 571, 92 S.Ct. at 2706, 33 L.Ed.2d at 557. Procedural protection is extended to interests that a person has already acquired in a specific benefit. *Id.* at 576, 92 S.Ct. at 2708, 33 L.Ed.2d at 560. Property interests are created and their dimensions are defined by rules or understandings that secure certain benefits and support claims of entitlement to those benefits. *Id.* at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561.

In the case at bar, the agreement contains no provision or understanding which would indicate that Fields had any property interest in his position. To the contrary, the agreement indicates that as a probationary employee, Fields could be terminated at any time during his probationary period. Section 18.1, Article 18. Fields had no interest at stake in his employment that required procedural protection. The Ohio Supreme Court has reached the same result in a number of cases. See, *e.g., Walton v. Montgomery Cty. Welfare Dept.* (1982), 69 Ohio St.2d 58, 64–65, 23 O.O.3d 93, 97, 430 N.E.2d 930, 935; *Local 4501, Communications Workers of Am. v. Ohio State Univ.* (1990), 49 Ohio St.3d 1, 550 N.E.2d 164, paragraph one of the syllabus, certiorari denied (1990), 497 U.S. 1025, 110 S.Ct. 3274, 111 L.Ed.2d 783 (*tenured* employee must receive a pretermination hearing).

The trial court did not err by finding that Fields was not denied due process. The third assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.