MOWERY, Appellant,

v.

ADAMS et al., Appellees.

[Cite as *Mowery v. Adams* (1994), 95 Ohio App.3d 116.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE11–1624.

Decided May 31, 1994.

---

*Larry R. Zingarelli* and *Daniel H. Klos,* for appellant.

*Lee Fisher,* Attorney General, *Gary Andorka* and *Cheryl Minsterman,* Assistant Attorneys General, for appellees.

CLOSE, Judge.

Plaintiff-appellant, Stephen V. Mowery, appeals the decision of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Larry Adams, Peter Esselburn, Fred L. Dailey, Director, Ohio State Department of Agriculture, and David Shephard.

This case arises out of disciplinary actions taken by the Ohio Department of Agriculture ("department") against appellant during his employment as the department's evidence room custodian. In May 1991, the department conducted a series of cockfight raids in Scioto and Vinton Counties. As a result of those raids, the department seized property which was subsequently deposited in its evidence room. At that time, appellant's duties as custodian required that he log in all evidence received.

In the spring of 1992, an inventory was made of the evidence room, which revealed that certain property seized in the raids was missing, most notably $5,200. The department conducted an investigation in an effort to retrieve the missing money and property. That investigation revealed that the $5,200 had been turned over to the evidence room, but that appellant had neglected to log it in. Although appellant was never accused of taking the $5,200, his failure to properly document its receipt rendered the money impossible to trace.

Appellant was ultimately cited by the department for neglect of duty and, on June 23, 1992, was suspended from employment for fifteen days. The department, however, imposed that suspension without affording appellant a predeprivation hearing. Realizing its error, the department reinstated appellant and compensated him with back pay.

However, during the interim between appellant's suspension and reinstatement, media stories were run, reporting that appellant was responsible for the missing money. Before the trial court, appellant claimed that appellees were aware of the impending stories, yet failed to either prevent their broadcast or inform the media that appellant was to be reinstated. Appellant asserted that, as the result of appellees' inaction, he suffered damage to his professional reputation.

On July 2, 1992, appellant received notice that he was the subject of a predisciplinary hearing to be held on July 6, 1992. As the result of that hearing, appellant was suspended for thirteen days. Appellant appealed his suspension to the State Personnel Board of Review, which ultimately affirmed the thirteen-day suspension.

Appellant also filed a complaint in the Franklin County Court of Common Pleas, claiming deprivation of property and liberty without due process under

Section 1983, Title 42, U.S.Code. Appellees filed a motion for summary judgment asserting that appellant's claim lacked any legal foundation or triable fact. Upon a finding that appellant had been given all process to which he was entitled, the trial court rendered its decision granting summary judgment in favor of appellees. It is from that decision that appellant now appeals, raising the following issues for review:

"1. The Court of Common Pleas Failed to Rule on Whether There Was a Property or Liberty Interest Deprived By the Actions of the Defendant.

"2. The Court of Common Pleas Incorrectly Determined. that Mr. Mowery was Afforded Due Process as Required by the 14th Amendment When. He Was Deprived of His Liberty Interest in Being Free from Stigma in His Profession.

"3. The Court of Common Pleas Incorrectly Determined that Mr. Mowery was Afforded Due Process as Required by the 14th Amendment When He Was Deprived of His Property Interest in Continued Employment."

Although not specifically articulated as such, from the issues presented, we recognize appellant's assignment of error to be a challenge of the court's award of summary judgment on the grounds that genuine issues of material fact exist as to whether the department violated his rights to due process.

Initially, we note that, in reviewing a motion for summary judgment, the trial and appellate courts are held to the same standard, namely, that summary judgment may not be granted unless the movant establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56(C); *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25, 50 O.O.2d 47, 254 N.E.2d 683.

Appellant claims that the department violated his due process rights in two major respects. First, appellant asserts deprivation of a liberty interest in his reputation and good name. Second, appellant asserts deprivation of a property interest in continued employment.

Addressing appellant's employment claim first, this court must begin with the threshold issue of whether appellant was deprived of a substantive right to life, liberty, or property. *Brickner v. Voinovich* (C.A.6, 1992), 977 F.2d 235. It is not disputed that appellant had a property interest in his employment with the department. However, appellant suffered no deprivation of that interest as the result of the original fifteen-day suspension. While it is true that the department failed to afford appellant a presuspension hearing, that error was remedied by appellant's immediate reinstatement and award of back pay.

We do, however, recognize a deprivation with regard to the thirteen-day suspension. See *Boals v. Gray* (C.A.6, 1985), 775 F.2d 686. Having so recog-

nized, our inquiry turns to a determination of what process was due. In the employment realm, due process is satisfied by a pretermination opportunity to respond to allegations, coupled with post-termination administrative procedures, as provided by Ohio statute. *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. Appellant's argument generally challenges the informality of his predeprivation proceeding. However, predeprivation procedures do not require that every employee with a property interest be given a full evidentiary hearing. *Lee v. W. Res. Psychiatric Habilitation Ctr.* (C.A.6, 1984), 747 F.2d 1062. Rather, the proceeding must afford the employee notice of the charges against him and the opportunity to respond with his side of the story. *Local 4501, Communications Workers of Am. v. Ohio State Univ.* (1990), 49 Ohio St.3d 1, 550 N.E.2d 164, paragraph two of the syllabus, citing *Loudermill, supra.*

As further clarification of what process is due an employee in a predeprivation hearing, the court in *Communications Workers of America* held that such a hearing need only require: (1) oral or written notice of the charges against him; (2) an explanation of the employer's evidence; and (3) an opportunity to present his side of the story. In the case at bar, a review of the record indicates that each of these due process requirements was met.

Furthermore, appellant was afforded adequate post-deprivation process in the form of an appeal to the State Personnel Board of Review. At that time, appellant was given the opportunity to present evidence on the merits of his case and to cross-examine appellees' witnesses. In light of the above, we find that appellant was afforded all process to which he was due. As such, no genuine issue of material fact exists, and the trial court did not abuse its discretion in granting appellees' motion for summary judgment.

■ Turning to appellant's remaining claim, appellant seeks relief under Section 1983, Title 42, U.S.Code, for damage to his professional reputation, resulting from the negative publicity allegedly allowed by appellees. Appellant's position presumes responsibility on the part of appellees for the conduct of the media. Even if we accept this presumption, it is well settled that simple defamation by a state official is not a cognizable claim under Section 1983, Title 42, U.S.Code. *Paul v. Davis* (1976), 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405.

■ Furthermore, Section 1983, Title 42, U.S.Code does not, itself, provide any substantive rights. Rather, it provides a procedure by which violations of constitutional rights may be remedied. Having already affirmed the trial court's decision that no violation of due process occurred, appellant's argument on this point has been disposed of by our holding on the due process issue.

For the foregoing reasons, appellant's issues for review are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and TYACK, JJ., concur.