[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On July 10, 1998, plaintiff-appellant Tim Sennett was suspended from his duties as assistant fire chief for the city of Norwood following a meeting with the acting fire chief. Later that month, the director of safety conducted a hearing. As a result of the safety director's hearing, Sennett was terminated from his employment on August 5, 1998. Sennett appealed his termination to the Norwood Civil Service Commission. A hearing was held before the commission on September 10 and September 22, 1998. On January 10, 1999, the commission affirmed the decision to terminate Sennett. Sennett then appealed the commission's decision to the Hamilton County Court of Common Pleas.
Following a hearing, a magistrate recommended that the commission's decision be reversed and that Sennett be "restored to full pay and benefits, as well as back pay from the time he was terminated, [and that Sennett's] only punishment sh[ould] be a written reprimand * * *." Defendant-appellees, the city of Norwood and the Norwood Civil Service Commission, filed objections to the magistrate's decision, arguing that the preponderance of the evidence in the record supported Sennett's termination.
On December 10, 1999, the trial court sustained some of the appellees' objections by modifying the decision of the magistrate. Specifically, the trial court adopted the magistrate's findings that the record did not support Sennett's termination, but it reasoned that the infractions committed by Sennett warranted a more severe sanction than a written reprimand. The court concluded that Sennett should be demoted to the rank of fire prevention specialist, that he should be the lowest in seniority at that rank, that his salary should be placed at that level, and that he should not receive back pay. Sennett has now appealed to this court, asserting two assignments of error.
In his first assignment, Sennett maintains that the trial court erred in sustaining the appellees' objections to the magistrate's decision. In support of this assignment, Sennett maintains that his due-process rights were violated because he was not given notice of the charges against him before the July 10, 1998, meeting with the acting fire chief, and because he was not given an opportunity to present his side of the story at the hearing before the acting fire chief or at the subsequent hearing in front of the safety director. We do not agree.
Due process requires that a public employee be given an opportunity for a pretermination hearing before he is deprived of a property interest.[1]
While a pretermination hearing is necessary, it need not be elaborate. In general, "`something less' than a full evidentiary hearing is sufficient prior to adverse administrative action."[2] Essentially, a public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.[3]
After reviewing the transcript of the proceedings, we are not persuaded that there was a due-process violation. First, Sennett was apprised of the charges against him, and those charges were explained to him at the July 10, 1998, hearing. Furthermore, we hold that Sennett was given an opportunity to give his side of the story at the July 10, 1998, meeting, but that he chose not to exercise that right. Because the pretermination requirements were met at the July 10, 1998, meeting and before the suspension took effect, we conclude that there was no due-process violation.
Sennett also alleges that the commission was not qualified to hear his appeal and that the city's failure to timely file a copy of the suspension order with the civil service commission pursuant to R.C. 124.34 and the commission's failure to timely conduct a hearing on Sennett's appeal pursuant to R.C. 124.34 divested the commission of subject-matter jurisdiction to proceed against him. These arguments were not raised below.
Civ.R. 53(E)(3)(b), prohibits a party from assigning as error on appeal "the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." A claimant is prohibited from challenging a magistrate's decision on particular grounds in the absence of appropriate objections pursuant to Civ.R. 53(E)(3)(b).[4] Because Sennett is assigning errors on appeal relating to issues that were never raised before the trial court, we are prohibited from addressing them,[5] except to the extent that they challenge subject-matter jurisdiction.[6] But Sennett has not indicated how, and we have found nothing to support the allegations that, the city's failure to timely file with the commission Sennett's suspension order or the commission's failure to conduct a hearing within thirty days of the filing of Sennett's appeal divested the commission of its subject-matter jurisdiction. Without more, we are unable to conclude that the irregularities complained of would have caused the commission's decision to be void ab initio. Accordingly, Sennett's first assignment of error is overruled.
In his second assignment, Sennett alleges that the trial court abused its discretion by failing to conduct a complete review of the record. The entire record was before the trial court, and the court indicated in its decision that it had reviewed the entire record. Given that, and upon our review of the record, we are unpersuaded that the trial court abused its discretion in modifying the magistrate's decision. Accordingly, we reject Sennett's second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] See Local 4501 v. Ohio State Univ. (1990), 49 Ohio St.3d 1,550 N.E.2d 164, paragraph one of the syllabus, following ClevelandBd. of Educ. v. Loudermill, (1985), 470 U.S. 532, 105 S.Ct. 1487.
[2] See Cleveland Bd. of Educ. v. Loudermill, supra, at 545,105 S.Ct. at 1495.
[3] See Local 4501 v. Ohio State Univ., supra, at paragraph one of the syllabus, following Cleveland Bd. of Educ. v. Loudermill,supra.
[4] See State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000),88 Ohio St.3d 52, 53, 723 N.E.2d 571.
[5] Some courts have applied a civil plain-error standard even where no objections have been filed pursuant to Civ.R. 53(E)(3)(b). We find no such error in this case. See Sowders v. Ohio Liquor Control Comm. (Aug. 4, 2000), Montgomery App. No. 18173, unreported; Hulcher v. Hulcher (May 5, 2000), Montgomery App. No. 17956, unreported.
[6] See Jenkins v. Keller (1966), 6 Ohio St.2d 122, 216 N.E.2d 379, paragraph five of the syllabus.