This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant Sally Downard's (hereinafter "Downard") appeals the Columbiana County Court of Common Pleas adverse ruling on her motion for directed verdict and the jury verdict and judgment rendered August 3, 1999 in favor of Defendant-Appellee Twila Swarthout, (hereinafter "Swarthout"). The issue before us is whether the trial court erred by failing to grant Downard's motion for directed verdict on liability when both parties submitted evidence pertaining to the negligence of the other. For the following reasons, we conclude the trial court properly denied Downard's motion because the issue of contributory negligence was still outstanding, and we affirm the decision of the trial court.
On January 24, 1996, a car driven by Swarthout collided into the rear of a car driven by appellant Downard). The particular facts surrounding the incident and the question of liability remained in dispute when this case was brought to trial on August 2, 1999, and proceeded on the issues of negligence, causation, and damage. At the conclusion of Downard's case, Swarthout moved for a directed verdict as it related to liability, claiming Downard lost control of her vehicle, putting herself into a situation where there was an emergency that neither party could do anything about due to the nature of the roadway. This motion was denied.
After all the evidence was presented, Downard likewise moved for a directed verdict arguing that Swarthout was guilty of negligence as a matter of law due to her failure to stop in the assured clear distance ahead, in violation of R.C. 4511.21. The trial court overruled the motion and the jury subsequently returned a verdict in Swarthout's favor. It is from that decision and judgment rendered on the verdict that Downard now appeals.
Downard asserts in her sole assignment of error:
 "The trial court erred in failing to grant the appellant's motion for a directed verdict on liability where the evidence was on liability where the evidence in an automobile accident case was uncontroverted that the plaintiff-appellant was ahead of the defendant-appellee in her path of travel, moving in the same direction as defendant-appellee, without suddenly appearing in defendant's path of travel, and a `reasonably discernable object' before the collision."
A motion for directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds can come to only one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 50(A)(4).Crawford v. Halkovics (1982), 1 Ohio St.3d 184. A directed verdict is appropriate where the party opposing the motion has failed to adduce any evidence on the essential elements of the claim. Cooper v. Grace v.Baptist Church (1992), 81 Ohio App.3d 728. Where there is evidence from which reasonable minds could come to different conclusions, a directed verdict is inappropriate. Osborne v. Lyles (1992), 63 Ohio St.3d 326.
Ruling on a motion for a directed verdict involves a test of the legal sufficiency of the evidence to determine whether the case shall proceed to the jury, which constitutes a question of law, not one of fact.Hargrove v. Tanner (1990), 66 Ohio App.3d 693, 695. Consequently, this court must review appellant's motion for directed verdict de novo.Titanium Industries v. S.E.A., Inc. (1997), 118 Ohio App.3d 39.
The "assured clear distance ahead" statute is codified at R.C.4511.21(A):
 "No person * * * shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."
As the statute is a specific requirement of the law, a violation constitutes negligence per se. Tomlinson v. Cincinnati (1983),4 Ohio St.3d 66, 69. However, not every collision is a violation of R.C.4511.21(A). Id at 69. The Supreme Court of Ohio held a finding of negligence per se for violating the statute depends on whether "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction of the driver, (3) did not suddenly appear in the driver's path, and; (4) was reasonably discernible." Blair v. Goff-Kirby Co. (1976), 49 Ohio St.3d 5, 7.
Where conflicting evidence is introduced as to any one of the above elements, a jury question is created. Tomlinson, 84 Ohio St.3d at 69. "Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law."Blair, 49 Ohio St.2d at 9.
In the present case, it is uncontroverted Downard was driving on State Street in Salem ahead of Swarthout, they both were traveling west, and Downard's car was reasonably discernible. However, the record reveals conflicting evidence with regards to whether Downard "suddenly appeared" in Swarthout's path.
Both parties testified that Swarthout pulled out from the parking lot of Hanna Mullins School of Nursing into the stream of traffic behind the car driven by Downard. Downard testified she noticed the cars ahead of her starting to bunch up and slow down, and as she applied her brakes to slow down, she slid into the curb and that the collision occurred "almost instantly". The independent witness, Nicholas Marroulis, (hereinafter "Marroulis" testified there was no sudden entrance by Downard into Swarthout's lane of travel. Conversely, Swarthout testified Downard's vehicle started to slide, hit the curb, and ricocheted off the curb back onto the main road. According to the testimony of the reporting police officer, Donald E. Paulin, the roadway was extremely icy but was straight with a grade, and that the westbound lane of State Road was also at least twelve (12) feet wide, or a "pretty wide road".
Swarthout argues that the record is clear that Downard's vehicle lost control on an extremely icy road, left the main travel portion of the roadway, struck a curb, and came back into the roadway, and coming back into the roadway, she came back into the path of Swarthout's vehicle and caused the collision.
Although the parties have presented conflicting versions of the incident, we must construe the evidence most strongly in favor of Swartout, and after doing so, determine whether reasonable minds could only reach one conclusion, and that conclusion is against Swartout.Osborne v. Lyles (1992), 63 Ohio St.3d 326. If we conclude that Downard's car sliding off the road and reentering traffic after striking a curb does not constitute an "unexpected sudden entrance" as contemplated byBlair, then Swartout is negligent per se for failing to keep the assured clear distance ahead.
However, this court has previously relied upon the Ohio Supreme Court holding in Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, that a driver's negligence per se does not preclude a comparative negligence instruction where there is evidence upon which reasonable minds could differ as to the proximate cause of the collision. Galliasv. Ossman (June 26, 1995), Harrison App. No. 457, unreported. More specifically, the Ohio Supreme Court held a jury may consider and resolve the comparative negligence of the parties, where there is a question whether the driver of the stuck vehicle was also negligent. Junge v.Brothers (1985), 16 Ohio St.3d 1.
This court found "[i]ssues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion." Piper v. McMillen (1999), 134 Ohio App.3d 180
citing Hitchens v. Hahn (1985), 17 Ohio St.3d 212, 213-214. Under the comparative negligence statute, the factfinder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. R.C. 2315.19(B). A plaintiff may recover where his contributory negligence is equal to or less than the combined negligence of all the defendants. R.C. 2315.19(A)(2).
In the present case, Swarthout's counsel moved for a directed verdict at the close of Downard's case claiming that "Clearly, Plaintiff lost control of her vehicle prior to my client colliding with her, and she put herself in a situation, where there was an emergency that neither party could — after it occurred, could do anything about it, due to the nature of the roadway."
When one car spun out of control after hitting an icy patch on the road causing the following car to collide with the first car, the court held in State Farm Mut. Auto. Ins. Co. v. Van Hoessen (1996),114 Ohio App.3d 108, "since both parties were negligent and that negligence was a proximate cause of the collision, then the trial court should have applied comparative negligence principles pursuant to R.C.2315.19." Similarly, in Coronet Insurance Company v. Richards (1991),76 Ohio App.3d 578, the court held comparative negligence principles should also be applied when two parties are found to be negligent perse.
Although not discussed in either of the parties' briefs, it could be argued that, based upon the record before us, Downard was negligent perse for violating R.C. 4511.202:
 "No person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle * * *."
The Twelfth District, citing the Ohio Supreme Court decision of Oeschlev. Hart (1967), 12 Ohio St.2d 29, found that "[s]kidding upon wet or icy roadway pavement is a circumstance within the power of motorists to prevent." Hence, the operator of a motor vehicle is responsible for keeping his vehicle under control and on his side of the road. This is true irrespective of the condition of the road. State v. Lunsford
(1997), 118 Ohio App.3d 380, 383.
It should first be noted that the reporting officer did not issue a citation to either party "due to the icy road conditions." Nonetheless, Officer Paulin testified at trial that the reason Downard slid into the curb was due to her braking on the ice. Downard herself testified her car slid into the curb as she braked. Additionally, testimony was elicited on cross-examination from Mr. Marroulis, the independent witness, that Downard overreacted by slamming on her brakes, that she locked her brakes up, lost control of her car, and turned into the curb because she couldn't do anything else.
At the conclusion of Downard's case, the court overruled Swarthout's motion for directed verdict stating, "I believe this is strictly a comparative negligence case." After the presentation of all the evidence, the court charged the jury with instructions focused primarily on comparative negligence. The court then offered guidance as to the rules of the road that would apply to this situation, most notably: 1) A driver of a motor vehicle on any street must be in reasonable control of the motor vehicle, and that reasonable control means the control that a careful person would use under the same or similar circumstances, and; 2) A driver must not operate a motor vehicle at a greater speed than will permit her to bring it to a stop within the assured clear distance ahead.
In light of all the testimony, the trial court correctly recognized either party could have been found negligent, which is an issue to be resolved by the trier of fact, and instructed the jury accordingly. Therefore, the issue of proximate cause was still at issue, irrespective of whether Swarthout was negligent per se, making a directed verdict improper. For the foregoing reasons, we find Downard's sole assignment of error to be meritless as it would have been improper for the court to have directed a verdict in favor of Downard. Accordingly, the decision of the trial court is affirmed.
VUKOVICH, P.J. and WAITE, J., Concurs.