The CITY OF AKRON, Appellant,

v.

CIVIL SERVICE PERSONNEL ASSOCIATION, INC., Appellee.

[Cite as *Akron v. Civil Service Personnel Assn., Inc.,* 178 Ohio App.3d 92, 2008-Ohio-4331.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24137.

Decided Aug. 27, 2008.

</div>

**94**

---

Max Rothal, Director of Law, and Tammy Kalail, Assistant Director of Law, for appellant.

Susannah Muskovitz and Ryan L. Lemmerbrock, for appellee.

---

WHITMORE, Judge.

{¶ 1} Appellant, the city of Akron ("the city"), appeals from the judgment of the Summit County Court of Common Pleas denying its motion to vacate, modify, or correct an arbitration award and confirming the award. This court reverses.

I

{¶ 2} Christy Motley was an employee of the Akron Health Department and a union member of the Civil Service Personnel Association, Inc. ("CSPA"). In August 2006, Motley sought to attend college courses during regular working hours through the city's "Academic Flexible Work Schedules" program. Motley withdrew her request to participate in the program, however, when management indicated that staffing shortages necessitated her working all of her regular hours. Instead, Motley submitted a request for Family Medical Leave Act ("FMLA") leave time in order to care for her sick son. Health Department investigators later discovered Motley attending a college course during the hours that she had been approved to take her FMLA leave time.

{¶ 3} According to the city, the city subsequently notified Motley that she was being recommended for discharge. After Motley received this recommendation, the parties held a pre-termination hearing consistent with *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. The city further claims that CSPA sent the city a *"Loudermill* response" after the hearing, the city considered the information before it, and the city finally notified

Motley on October 23, 2006, that she was in fact being discharged, effective October 24, 2006.

{¶ 4} According to CSPA, the first notice that Motley ever received from the city was her notice of discharge, which she received on October 11, 2006. In response to the written notice, CSPA filed a grievance to challenge the discharge and filed a "*Loudermill* response" on October 20, 2006. CSPA claims that the city notified Motley that her discharge would be upheld on October 23, 2006, and effective the next day. On October 31, 2006, CSPA notified the city that the union wished to submit an appeal on behalf of Motley to arbitration pursuant to the collective-bargaining agreement ("CBA") between CSPA and the city.

{¶ 5} On March 7, 2007, the matter proceeded to hearing before an arbitrator. The city and CSPA agreed to limit the arbitration to the following sole issue(s): "Whether the discharge was for just cause under Article 28 [of the CBA]? If not, what shall the remedy be?" The parties also entered two stipulations before the arbitrator: (1) that the matter was properly before the arbitrator for resolution and (2) that Motley had been given a *Loudermill* hearing. The arbitrator issued her decision on May 21, 2007, granting CSPA's grievance and ordering the city to reinstate Motley with full back pay and restoration of seniority. The arbitrator determined that Motley's termination was not for just cause under Article 28 of the CBA because the city had failed to comply with *Loudermill* and the due process protections afforded to Motley as a civil servant. The arbitrator reasoned that the city's notice of discharge, issued on October 11, 2006, clearly informed Motley that she was "hereby discharged" even though it preceded any response from CSPA. Therefore, the arbitrator determined that the city never gave Motley a pre-termination opportunity to respond to the charges against her and terminated her without just cause.

{¶ 6} On August 20, 2007, the city filed a motion to vacate, modify, or correct the arbitration award in the Summit County Court of Common Pleas. On September 28, 2007, CSPA filed an application to confirm and enforce the arbitration award. The trial court issued its decision on February 27, 2008, confirming the arbitration award.

{¶ 7} On March 25, 2008, the city filed its notice of appeal in this court raising four assignments of error for our review.

## II

### Assignment of Error No. One

The trial court erred as a matter of law because an arbitrator is bound by the parties' stipulation.

{¶ 8} In its first assignment of error, the city argues that the trial court erred in failing to vacate the arbitrator's award because the arbitrator exceeded her authority by disregarding the parties' stipulation. Specifically, the city argues that the parties stipulated at the arbitration hearing that Motley had received a "pre-termination *Loudermill* hearing," but that the arbitrator ignored this stipulation in ruling that Motley had not been afforded adequate due process. We agree.

{¶ 9} "Ohio courts give deference to arbitration awards and presume they are valid." *Lauro v. Twinsburg*, 9th Dist. No. 23711, 2007-Ohio-6613, 2007 WL 4322559, at ¶ 5, citing *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186, paragraph one of the syllabus, superseded by statute on other grounds as stated in *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO* (1991), 61 Ohio St.3d 658, 576 N.E.2d 745. "When parties agree to binding arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator." *Lauro* at ¶ 5, citing *Gingrich v. Wooster* (Jan. 10, 2001), 9th Dist. No. 00CA0032, 2001 WL 22256, at *5.

{¶ 10} R.C. 2711.10 gives a trial court limited authority to review an arbitration award upon a party's request that the award be confirmed, modified, corrected, or vacated. *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 480 N.E.2d 456. The limited grounds upon which a court may vacate an arbitration award are as follows:

(A) The award was procured by corruption, fraud, or undue means[;]

(B) There was evident partiality or corruption on the part of the arbitrators * * *[;]

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced[; or]

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

R.C. 2711.10. The court may not review the actual merits upon which the award was based. *Lauro* at ¶ 6.

{¶ 11} Although a party may appeal from a trial court's order confirming, modifying, correcting, or vacating an arbitration award, R.C. 2711.15, an appellate court's authority to review such an order is similarly limited. Id. at ¶ 7. An appellate court may review the order only "to discern whether an error occurred as a matter of law." Id., citing *Union Twp. Bd. of Trustees v. Fraternal*

*Order of Police, Ohio Valley Lodge No. 112* (2001), 146 Ohio App.3d 456, 459, 766 N.E.2d 1027. Indeed, this court may review only the trial court's order, not the underlying arbitration proceeding. *Lauro* at ¶ 7, quoting *Lockhart v. Am. Reserve Ins. Co.* (1981), 2 Ohio App.3d 99, 101, 2 OBR 112, 440 N.E.2d 1210. "[T]he arbitrator is the final judge of both law and facts, and * * * an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable." *Bennett v. Sunnywood Land Dev., Inc.*, 9th Dist. No. 06CA0089–M, 2007-Ohio-2154, 2007 WL 1309566, at ¶ 12, quoting *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.* (1975), 42 Ohio St.2d 516, 522, 71 O.O.2d 509, 330 N.E.2d 703.

{¶ 12} An arbitrator exceeds her power when an award fails to draw its essence from the agreement of the parties. *Gingrich*, supra, at *5, citing *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 179–180, 572 N.E.2d 71. This occurs when there is an absence of "a rational nexus between the agreement and the award," or when the award is "arbitrary, capricious, or unlawful." *Gingrich*, supra, at *5, citing *Findlay City School Dist. Bd. of Edn.*, 49 Ohio St.3d at 132, 551 N.E.2d 186. An arbitrator also exceeds her authority, however, when she misinterprets or exceeds the conditions of a stipulation. *Ohio Office of Collective Bargaining*, 59 Ohio St.3d at 184, 572 N.E.2d 71.

{¶ 13} The city argues that the arbitrator exceeded her authority because she ignored the parties' stipulation that a *Loudermill* hearing had taken place and erroneously awarded the grievance based on an issue beyond that to which the parties stipulated. CSPA concedes that the parties stipulated that a *Loudermill* hearing occurred, but argues that this concession was not akin to a stipulation that Motley was afforded all of her due process rights.

{¶ 14} *Loudermill* requires a "classified civil service employee" to be given a pre-termination disciplinary hearing. *Loudermill*, 470 U.S. at 545, 105 S.Ct. 1487, 84 L.Ed.2d 494. "[S]uch hearing need not be elaborate, but must afford the employee the opportunity to have an explanation of the employer's charges and evidence against [her], and an opportunity to present [her] side of the story." *Local 4501, Communications Workers of Am. v. Ohio State Univ.* (1990), 49 Ohio St.3d 1, 5–6, 550 N.E.2d 164, citing *Loudermill*, supra. In her award, the arbitrator noted that the parties stipulated that the matter was properly before her for resolution, but failed to mention the parties' other stipulation that a *Loudermill* hearing had occurred. The arbitrator specifically determined that the city failed to comply with *Loudermill*, and thus, failed to discharge Motley for "just cause." In confirming the arbitrator's award, the trial court determined that it lacked authority to vacate the arbitrator's award based

on an alleged error regarding the parties' stipulation because it was a factual determination. See *United Paperworkers Internatl. Union, AFL–CIO v. Misco, Inc.* (1987), 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (noting that a court may not reconsider the merits of an arbitrator's award when the alleged error concerns the underlying facts).

{¶ 15} Contrary to the trial court's holding, the parties' stipulation (that a *Loudermill* hearing was held) was not a factual determination outside of the court's reviewing authority. This is not an instance where the parties disagree as to whether a stipulation occurred. CSPA concedes that the parties stipulated before the arbitrator that a *Loudermill* hearing took place. CSPA's argument that it did not intend for this stipulation to encompass all of Motley's due process rights is inapposite. The phrase *"Loudermill* hearing" is a term of art with a distinct legal meaning, not some amorphous concept subject to debate. Thus, the parties removed the issue of whether the city afforded Motley her due process rights under *Loudermill* from the arbitrator's consideration. By wholly ignoring the stipulation, the arbitrator went beyond the scope of the issue presented to her and exceeded her authority. See *Ohio Office of Collective Bargaining,* 59 Ohio St.3d at 184, 572 N.E.2d 71. Accordingly, the city's first assignment of error is sustained.

### Assignment of Error No. Two

The trial court erroneously concluded that the arbitrator's use of an implied due process requirement was a reasonable interpretation or plain and ordinary use of te [sic] phrase just cause by erroneously interpreting precedent regarding arbitrators considering due process as part of a just cause analysis.

### Assignment of Error No. Three

The trial court erred in finding that the arbitrator did not make a material mistake regarding the date of motley's discharge.

### Assignment of Error Number Four

The trial court erred in finding that there is not an explicit, well-defined public policy supporting the use of FMLA leave time.

{¶ 16} In its remaining assignments of error, the city argues that the trial court erred in confirming the arbitrator's award because (1) the arbitrator exceeded her authority by interjecting a due process analysis into her just-cause determination and finding the interjection dispositive, (2) the arbitrator exceeded her authority by concluding that Motley was effectively discharged some two weeks earlier than her actual discharge date, and (3) a court may not confirm an award that violates public policy, as this award does by condoning Motley's abuse

of FMLA leave time. Given our determination that the arbitrator exceeded her authority and her award must be reversed, the city's remaining assignments of error are moot and we decline to address them. See App.R. 12(A)(1)(c).

### III

{¶ 17} The city's first assignment of error is sustained. The city's remaining assignments of error are moot, and we decline to address them. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CARR, P.J., and SLABY, J., concur.