**McFAUL, Sheriff, Appellant,**

v.

**UAW REGION 2, Appellee.**

[Cite as *McFaul v. UAW Region 2* (1998), 130 Ohio App.3d 111.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74284.

Decided Sept. 28, 1998.

**112**

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Robert Maty-jasik,* Assistant Prosecuting Attorney, for appellant.

*David Roloff, Morris L. Hawk, Goldstein & Roloff,* for appellee.

---

*Per Curiam.*

Plaintiff-appellant Gerald T. McFaul, the Sheriff of Cuyahoga County, appeals from a decision of the trial court affirming an award of a labor conciliator who found in favor of defendant-appellee UAW Region 2 by holding that county jail correction corporals were entitled to a raise of 4.2 percent for the years 1998–1999. The Sheriff contends that as a matter of law (R.C. 4117.14[G][7]), the conciliator was empowered only to select either three percent or five percent, the competing offers of the respective parties, not to select a compromise verdict.

We find merit to the appeal, vacate the judgment of the trial court, and remand the cause to the conciliator for further proceedings consistent with this judgment.

The Sheriff employs thirty-seven correction corporals in the Cuyahoga County Jail. The UAW is the exclusive bargaining representative for the corporals in negotiating with the Sheriff over wages, hours and their working conditions.

Historically, the Sheriff and the UAW have negotiated three-year collective bargaining agreements which establish wages and benefits for the entire contractual term. However, because of the financial uncertainty caused by the S.A.F.E. (Secured Asset Funds Earnings) crisis, the parties agreed in 1996 to a three-percent wage increase for 1996 and a wage reopener to negotiate the corporals' wages for 1997 and 1998.

Pursuant to the collective bargaining agreement, on November 21, 1996, the UAW reopened and initiated negotiations, asking for ten-percent increases for 1997 and 1998 wages. The Sheriff offered a three-percent increase in each year for 1997 and 1998. Shortly thereafter, the parties reached impasse and resorted to the dispute resolution mechanism set forth in R.C. 4117.14.

R.C. 4117.14 provides a process by which public employers and employees can resolve disputed issues through negotiations. The first step is nonbinding factfinding in which a factfinder examines the parties' respective positions and issues a recommendation to resolve the dispute. For certain public employees, like the corporals, who are prohibited from striking, R.C. 4117.14(G) provides a final and binding dispute resolution procedure called "final offer settlement proceedings." In a final offer settlement proceeding, the parties submit their respective positions before an appointed conciliator, who reaches a final and binding decision. A final offer settlement award may only be challenged or enforced in the court of common pleas pursuant to R.C. Chapter 2711.

After the parties reached impasse, they submitted their dispute to the factfinder pursuant to R.C. 4117.14, who recommended a 4.2 percent increase for each year, 1997 and 1998. The factfinder based his recommendation on the importance of maintaining an appropriate wage differential between the corporals and the corrections officers, whom the corporals supervise. The factfinder estimated that the corrections officers achieved a net wage increase of 4.2 percent in their negotiations with the Sheriff. The factfinder then determined that a 4.2 percent increase would be "reasonable and just" for the corporals. In his report, the factfinder noted, "As a final and best offer the Union reduced its demand from 5 percent to 4 percent."

However, the parties were unable to agree upon the factfinder's recommendation. Subsequently, both parties agreed to final offer settlement proceedings pursuant to R.C. 4117.14(G). The UAW amended its final proposal, seeking a

five-percent increase (down from ten percent) for each year, 1997 and 1998. The Sheriff kept his original proposal of three percent, but agreed that it would be retroactive. On January 7, 1997, Allan M. Wolk was appointed conciliator.

The matter was submitted to Conciliator Wolk on April 8, 1997, with the parties agreeing that the conciliation award would be retroactive to January 1, 1997. Conciliator Wolk adopted the factfinder's recommendation and awarded the corporals a 4.2 percent wage increase for each year 1997 and 1998. Conciliator Wolk issued his decision on May 15, 1997.

On August 11, 1997, the Sheriff filed the instant action seeking to vacate the conciliation award of a 4.2 percent wage increase for 1997 and 1998. The Sheriff contended that the conciliator exceeded his powers by not selecting between the parties' final settlement offers (three percent and five percent) as required by R.C. 4117.14(G)(7).

On September 9, 1997, the UAW filed an answer and counterclaim seeking confirmation of the 4.2 percent conciliation award pursuant to R.C. 2711.09. In the alternative, the UAW prayed that if the trial court determined that the conciliator exceeded his powers, the court would refer the award back to Conciliator Wolk for correction pursuant to R.C. 2711.10.

The parties then filed cross-motions for summary judgment. On March 9, 1998 the trial court issued a final judgment enforcing the 4.2 percent conciliation award on the grounds that the award "was not unlawful, arbitrary or capricious and is therefore affirmed." The Sheriff's timely appeal ensued.

The Sheriff's sole assignment of error states as follows:

"The trial court erred as a matter of law in confirming the conciliation award."

The pertinent facts in this case are undisputed. The issue presented depends upon a single question of law: Did the conciliator exceed his authority in rendering an award that was not a final settlement offer of either of the parties, *i.e.*, either three percent or five percent? We answer this question in the affirmative.

The conciliation proceeding in this case is governed by the state's public employee collective bargaining law. Pursuant to R.C. 4117.14(G)(1), the conciliator may consider only issues that are (a) mutually agreed to by the parties for resolution or (b) subject to collective bargaining pursuant to R.C. 4117.08 and upon which the parties have not reached an agreement. The only departure from state law stipulated by the parties in the instant case was that, notwithstanding R.C. 4117.14(G)(11), the conciliation award would be retroactive to January 1, 1997.

The conciliator's authority is set forth in R.C. 4117.14(G)(7), which provides as follows:

"After hearing, the conciliator shall resolve the dispute between the parties by selecting, on an issue by issue basis, from between each of the party's final settlement offers, taking into consideration the following * * *."

This section clearly establishes that the conciliator's express authority is to resolve the dispute by selecting from between each of the party's final settlement offers, not to fashion a compromise solution.

In the instant case, the parties' position statements set out their final offers of five percent (UAW offer) and three percent (Sheriff's offer). However, contrary to the requirements of R.C. 4117.14(G)(7), the conciliator did not choose between the final offers. Instead, he adopted the factfinder's recommendation of 4.2 percent each year. We find that the conciliator exceeded his express authority as a matter of law.

In this case, the parties did not specify the procedures to be followed by the conciliator. Therefore, to the extent that they did not specify the applicable procedures, the statutory obligations regarding final offer settlement awards must be followed.

Under R.C. 4117.14(G)(8) and 4117.14(H), final offer settlement awards are subject to review by the court of common pleas. R.C. 4117.14(H) specifically states:

"All final offer settlement awards and orders of the conciliator made pursuant to Chapter 4117. of the Revised Code are subject to review by the court of common pleas having jurisdiction over the public employer as provided in Chapter 2711. of the Revised Code * * *."

Accordingly, the decision of the conciliator is expressly subject to judicial review under R.C. 2711. See *Rocky River v. State Emp. Relations Bd.* (1988), 39 Ohio St.3d 196, 204, 530 N.E.2d 1, 8–9; *FOP Ohio Valley Lodge #112 v. Clermont Cty. Sheriff* (Oct. 26, 1987), Clermont App. No. CA87–04–031, unreported, 1987 WL 18837.

Specifically, R.C. 2711.10(D) states that "the court of common pleas shall make an order vacating the award" if "(D) The arbitrators exceeded their powers * * *." Therefore, the standard of review on this appeal is whether the court below erred as a matter of law in confirming the award, not whether the court abused its discretion as UAW argues.

Nowhere did the parties in this case agree to enlarge the authority of the conciliator to consider any award other than the final offers of the parties. Under R.C. 4117.14(G)(7), the conciliator in the instant case had no discretion to

fashion an award other than to choose between the parties' final settlement offers. Accordingly, the trial court erred in applying an abuse-of-discretion standard in reviewing and confirming the award. The trial court's judgment will be vacated.

The issue remains as to whether the matter should be remanded to the conciliator for further consideration pursuant to this decision. We find that it should.

R.C. 2711.10 grants a court the authority to redirect a vacated arbitration award for rehearing. It specifically states:

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."

The express language of this section implies that the vacated award should be reheard by the same arbitrator, not a new one. *See Stratso v. Song* (1984), 17 Ohio App.3d 39, 17 OBR 93, 477 N.E.2d 1176. In *Stratso,* the court held:

"R.C. 2711 provides that '[i]f an award is vacated * * * the court may direct a rehearing by the arbitrators.' Thus, if there is a basis for vacating a medical-claim arbitration award, the matter should be resubmitted to the same arbitrators, not a new board of arbitrators, since R.C. 2711.21 contemplates a single board which will arbitrate the matter and render a report." *Id.,* at paragraph two of the syllabus.

Remand to Conciliator Wolk appears appropriate given the factual considerations of this case. He is already familiar with the relevant facts, the parties' respective positions, and the factfinder's evaluation of the parties' positions. Accordingly, he is in the best position to render an informed and prompt decision given the time constraints that appear.

Plaintiff's sole assignment of error is sustained; the judgment of the trial court is vacated and the cause is remanded to Conciliator Wolk for further consideration consistent with this opinion.

*Judgment accordingly.*

PORTER, P.J., JAMES D. SWEENEY and MICHAEL J. CORRIGAN, JJ., concur.