**UNION TOWNSHIP BOARD OF TRUSTEES, Appellant and Cross–Appellee,**

**v.**

**FRATERNAL ORDER OF POLICE, OHIO VALLEY LODGE NO. 112, Appellee and Cross–Appellant.**

[Cite as *Union Twp. Bd. of Trustees v. Fraternal Order of Police, Ohio Valley Lodge No. 112,* 146 Ohio App.3d 456, 2001-Ohio-8674.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

Nos. CA2001–01–001 and CA2001–01–006.

Decided Nov. 4, 2001.

Schroeder, Maundrell, Barbiere & Powers and Lawrence E. Barbiere, for appellant and cross-appellee.

Paul L. Cox and Kay E. Cremeans, for appellee and cross-appellant.

POWELL, Judge.

{¶ 1} Appellant and cross-appellee, Board of Trustees, Union Township, Clermont County ("township"), appeals the decision of the Clermont County Court of Common Pleas affirming in part the conciliator's award of binding arbitration for certain disciplinary matters in its collective bargaining agreement ("CBA") with appellee and cross-appellant, Fraternal Order of Police, Ohio Valley Lodge No. 112 ("FOP"). The FOP appeals the common pleas court's decision to vacate the conciliator's selection of the FOP's wage proposal, which was based upon a final offer amended one day before the conciliation.

{¶ 2} The township and the FOP had reached an impasse on the two issues of discipline and wages in their collective bargaining agreement. The parties participated in a labor conciliation or arbitration through the State Employment Relations Board ("SERB"). This process consisted of the arbitrator or conciliator choosing between each party's offer on the two issues. The conciliator issued a final offer settlement award selecting the FOP's proposal for binding arbitration for employee suspension, demotion, or termination, and the FOP's proposal for wages.

{¶ 3} The township filed a motion with the trial court to vacate the conciliator's decision, and the FOP filed a motion to confirm the decision. The trial court

confirmed the conciliator's decision on discipline, but vacated the decision on wages and remanded the issue for a rehearing by the conciliator. We will address the township's assignment of error first, which is as follows:

{¶ 4} "Whether the trial court erred in affirming the decision of the conciliator awarding binding arbitration for suspension, demotion and discharge."

{¶ 5} The township argues that discipline is not a mandatory subject of bargaining that can be imposed upon it when the township refuses to bargain on that issue, and that the conciliator exceeded his authority by making discipline a mandatory subject of bargaining.

{¶ 6} A court of common pleas' review of a final offer settlement award, a.k.a. conciliator's award, is governed by R.C. 2711.01 et seq., R.C. 4117.14(G)(8). *Fraternal Order of Police, Ohio Valley Lodge No. 112 v. Clermont Cty. Sheriff* (Oct. 26, 1987), Clermont App. No. CA87–04–031, 1987 WL 18837, citing *Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 16 OBR 238, 475 N.E.2d 181. Appellate review of arbitration proceedings is confined to an evaluation of the order issued by the court of common pleas pursuant to R.C. Chapter 2711. Id. The standard of review on this appeal is whether the court below erred as a matter of law. *McFaul v. UAW Region 2* (1998), 130 Ohio App.3d 111, 115, 719 N.E.2d 632.

{¶ 7} With this standard in mind, we review the common pleas court's extensive written decision. The common pleas court correctly stated that its scope of review of an arbitrator's decision is very narrow, and that R.C. 2711.10[1] and R.C. 2711.11[2] provide the basis for vacation or modification of the award.

{¶ 8} R.C. 4117.14 states that the parties to a collective bargaining agreement shall submit to final offer settlement those issues that are subject to collective bargaining as provided by R.C. 4117.08 and upon which the parties have not reached an agreement.

{¶ 9} R.C. 4117.08 states:

{¶ 10} "(A) All matters pertaining to wages, hours, or terms and other conditions of employment and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement are subject to collective

---

1. R.C. 2711.10 permits the court of common pleas to vacate an award if the award was procured by corruption, fraud, evidence of partiality, misconduct or any other misbehavior, or the arbitrator exceeded his powers or so imperfectly executed them.

2. R.C. 2711.11 permits a court of common pleas to modify or correct an award if there was a material miscalculation of figures or material mistake in the description of person or property in the award, or awarded upon a matter not submitted to the arbitrator unless it does not affect the merits, or the award is imperfect in form not affecting the merits.

bargaining between the public employer and the exclusive representative, except as otherwise specified in this section.

{¶ 11} "(B) The conduct and grading of civil service examinations, the rating of candidates, the establishment of eligible lists from the examinations, and the original appointments from the eligible lists are not appropriate subjects for collective bargaining.

{¶ 12} "(C) Unless a public employer agrees otherwise in a collective bargaining agreement, nothing in Chapter 4117. of the Revised Code impairs the right and responsibility of each public employer to:

{¶ 13} "(1) Determine matters of inherent managerial policy which include, but are not limited to areas of discretion or policy such as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, and organizational structure;

{¶ 14} "(2) Direct, supervise, evaluate, or hire employees;

{¶ 15} "(3) Maintain and improve the efficiency and effectiveness of governmental operations;

{¶ 16} "(4) Determine the overall methods, process, means, or personnel by which governmental operations are to be conducted;

{¶ 17} "(5) Suspend, discipline, demote, or discharge for just cause, or lay off, transfer, assign, schedule, promote, or retain employees;

{¶ 18} "(6) Determine the adequacy of the work force;

{¶ 19} "(7) Determine the overall mission of the employer as a unit of government;

{¶ 20} "(8) Effectively manage the work force;

{¶ 21} "(9) Take actions to carry out the mission of the public employer as a governmental unit.

{¶ 22} "The employer is not required to bargain on subjects reserved to the management and direction of the governmental unit except as affect wages, hours, terms and conditions of employment, and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement. A public employee or exclusive representative may raise a legitimate complaint or file a grievance based on the collective bargaining agreement."

{¶ 23} The Ohio Supreme Court has stated that R.C. 4117.08(A) contains the mandatory collective bargaining subjects and R.C. 4117.08(C) involves the permissive subjects of collective bargaining. *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty., & Mun. Emp., AFL–CIO* (1991), 61 Ohio St.3d 658, 663–665, 576 N.E.2d 745. The common pleas court stated that permissive subjects of collective bargaining are those subjects upon which the parties may bargain, but

they are not obligated to do so except when those subjects affect wages, hours, terms and conditions of employment, and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement.

{¶ 24}   The common pleas court reviewed both the standard for determining what the word "affect" means as defined by the Ohio Supreme Court[3] and the balancing test used by SERB[4] when determining whether a subject is a mandatory or permissive subject of bargaining. The common pleas court noted that SERB interpretations of R.C. Chapter 4117 are entitled to due deference by a reviewing court and should not be disturbed unless they are otherwise clearly unlawful. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264 (involving interpretation of R.C. Chapter 4117 for purposes of unfair labor practice charges); *Swanton Local School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (Nov. 1, 1989), Fulton C.P. No. 89CV000072, 1989 WL 515890.   The common pleas court noted that SERB had stated in its opinion in *Swanton* that "the procedure by which an employee is disciplined, the manner in which discipline is meted out, and the effect of the discipline on an employee's tenure or other employment benefits are all terms and conditions of employment."   *State Emp. Relations Bd. v. Swanton Local School Dist. Bd. of Edn.* (Apr. 12, 1989), SERB No. 89–008.

{¶ 25}   The common pleas court stated that it was persuaded by the reasoning of SERB and the trial court in *Swanton.*   The common pleas court reasoned that serious discipline acts upon or produces a material influence upon working conditions.   *Lorain.*   Further, the common pleas court employed the balancing test utilized by SERB and found that the subject in the instant case was logically and reasonably related to terms and conditions of employment;  the employer's freedom to impose serious discipline was not impaired by the impartial review of its justification and appropriateness;  and the mediatory influence of collective bargaining and impasse-resolution mechanisms were appropriate means of resolving conflicts over the imposition of serious discipline.

---

**3.**   The word "affect" in R.C. 4117.08(C) suggests that management rights that act upon or produce a material influence upon working conditions are bargainable.   *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 262, 533 N.E.2d 264.

**4.**   Factors must be balanced to determine whether it is a mandatory or permissive subject of bargaining:  (1) The extent to which the subject is logically and reasonably related to wages, hours, terms, and condition of employment;  (2) The extent to which the employer's obligation to negotiate may significantly abridge its freedom to exercise those managerial prerogatives set forth in and anticipated by R.C. 4117.08(C), including an examination of the type of employer involved and whether inherent discretion on the subject matter at issue is necessary to achieve the employer's essential mission and its obligations to the general public;  and (3) The extent to which the mediatory influence of collective bargaining and, when necessary, any impasse-resolution mechanisms available to the parties are the appropriate means of resolving conflicts over the subject matter.

{¶ 26} The common pleas court found that the appeal of disciplinary action involving a demotion, discharge, or suspension without pay relates to the conditions of employment and is a mandatory subject of bargaining.

{¶ 27} In addition, the common pleas court found that the instant case fell within the parameters of the portion of R.C. 4117.08(C) that states that bargaining is required when it involves the continuation, modification, or deletion of an existing provision of a collective bargaining agreement.

{¶ 28} The common pleas court noted and described the discipline and disciplinary procedures contained in the previous bargaining agreement between the parties. In addition, the previous CBA permitted binding arbitration for grievances concerning a breach, misinterpretation, or improper application of the agreement. The common pleas court stated that this broad grievance provision provided for arbitration of all disputes that may arise out of the parties' contractual relationship.

{¶ 29} The common pleas court wrote that the language regarding discipline contained in the CBA involves "questions as to the proper interpretation and application of the agreement," and "a dispute between the parties as to whether there is just and sufficient cause to impose discipline, and what level is appropriate, is already subject to the grievance procedures which culminate in binding arbitration." The common pleas court suggested that the parties could have excluded discipline from the previous CBA's grievance procedure if that was their intention. The common pleas court found that binding arbitration of serious discipline was already provided for in the previous CBA.

{¶ 30} The township argued that portions of the previous CBA simply recited the statutory right of appeal pursuant to R.C. 505.49. The common pleas court found that the language in the previous CBA did not recite the statutory right verbatim, and, in fact, the parties had included language that encompassed additional union members not covered by the statute. The common pleas court opined that the parties "established a contractual right for the affected employees in addition to their already existing statutory rights." "Having created this contractual right, the Trustees [township] cannot unilaterally determine not to bargain on the subject matter of this contractual right." Therefore, the court below found that the arbitration issue before the conciliator involved the continuation, modification, or deletion of an existing provision of the collective bargaining agreement and was a mandatory subject of bargaining.

{¶ 31} There is a dearth of appellate case law on the issue of mandatory versus permissive subjects of collective bargaining involving discipline or disciplinary procedures. We have reviewed the authorities cited by both parties. The common pleas court was faced with a unique set of facts upon which it made a determination. We cannot say that the court below erred as a matter of law by

relying upon the rationale of the common pleas court in *Swanton* and SERB opinions in deciding that the instant case involved a mandatory subject of bargaining for which the township should bargain and in ruling that the conciliator did not exceed his authority in his determination of that issue.

{¶ 32}  The township next argues that the conciliator exceeded his authority because R.C. 505.49 provides the exclusive remedy for township police officers to appeal suspension or termination.  The applicable portion of R.C. 505.49 states that police officers who have a certificate of the completion of police basic training may be removed or suspended only under the conditions and procedures of certain sections of R.C. Chapter 505.  R.C. 505.49 also states that the township trustees' removal or suspension of the officer may be appealed by that officer to the court of common pleas to determine the sufficiency of the cause of removal or suspension.

{¶ 33}  Further, the common pleas court noted that R.C. 4117.10(A) specifically lists the laws or statutes that would prevail over a conflicting provision in a collective bargaining agreement and R.C. Chapter 505 is not listed among those laws that would prevail.  The common pleas court also found that where the collective bargaining agreement did not specifically eliminate a right provided by statute, the employees retained those rights.  Additionally, the common pleas court rejected the township's argument that the instant issue involves contracts impermissibly circumventing statutory intent.

{¶ 34}  The common pleas court opined that the CBA similarly did not specify that binding arbitration was the exclusive remedy and, therefore, an affected employee would be able also to avail himself or herself of statutory remedies under R.C. 505.49.  We cannot say that the common pleas court erred as a matter of law in its decision rejecting the argument that R.C. 505.49 was the exclusive remedy of disciplined police officers.

{¶ 35}  For the reasons stated above, we overrule the township's assignment of error and affirm the decision of the common pleas court on the issue of discipline.

{¶ 36}  The FOP advances two assignments of error in its cross-appeal of the common pleas court's decision to vacate the portion of the conciliator's award selecting the FOP's wage final offer.

### Assignment of Error No. I

{¶ 37}  "The common pleas court erred in vacating that portion of the conciliation award that relates to the wage issue and ordering a rehearing of the wage issue by the conciliator."

{¶ 38}  The FOP and the township filed their final offers for the final offer settlement conciliation hearing five calendar days before the hearing pursuant to

R.C. 4117.14(G)(3). The FOP amended its final offer on the wage issue, with the permission of the conciliator one day before the hearing. The conciliator accepted the amended final offer and stated that he was doing so pursuant to administrative regulations, which permitted amendments of final offers after mediation between the parties. Mediation took place just before the conciliation hearing was held. The conciliator chose the FOP's amended final offer for the final offer settlement award.

{¶ 39}   The township filed an unfair labor practice charge against the FOP for filing its amended final offer less than five days before the conciliation hearing. SERB found that the FOP's action constituted an unfair labor practice but did not alter the conciliator's award that had been issued. The township filed a motion to vacate the conciliator's award on the wage issue as well as the discipline issue. The common pleas court granted the motion to vacate in part for the wage issue and remanded for a new hearing before the same conciliator. The FOP argues that the reviewing court must confirm a conciliation award not disturbed by SERB.

{¶ 40}   The common pleas court's review of the conciliator's decision on wages is the same standard as outlined above for the township's appeal. R.C. 4117.14(G) reads:

{¶ 41}   "(3) The conciliator shall conduct the hearing pursuant to rules developed by the board. The conciliator shall establish the hearing time and place, but it shall be, where feasible, within the jurisdiction of the state. Not later than five calendar days before the hearing, each of the parties shall submit to the conciliator, to the opposing party, and to the board, a written report summarizing the unresolved issues, the party's final offer as to the issues, and the rationale for that position.

{¶ 42}   "* * *

{¶ 43}   "(7) After hearing, the conciliator shall resolve the dispute between the parties by selecting, on an issue-by-issue basis, from between each of the party's final settlement offers * * *."

{¶ 44}   The common pleas court found that filing a modified offer after the time permitted was "inherently prejudicial." The common pleas court opined that permitting modifications does not serve the interest of requiring each side to submit its best good-faith final offer. The conciliator and the FOP both cited the language of Ohio Adm. Code 4117–9–06 that permits the submission of a final offer summary at least a day before the hearing and allows a final offer modification after mediation.

{¶ 45}   The common pleas court stated that it would rely upon the clear language of the statute. Further, the court below stated that the administrative

code section could not contradict the express language of the statute and would be invalid if interpreted to change the legislative entitlement of R.C. 4117.14. Additionally, the common pleas court found that the amended final offer was not submitted after mediation but a day before the hearing.

{¶ 46} The common pleas court found that the conciliator exceeded his power in accepting the final offer not submitted at least five days before the hearing. A plain reading of the statute at issue leads this court to find that the common pleas court did not err as a matter of law in finding that the conciliator exceeded his powers and that the wage portion of the award must be vacated, despite SERB's decision not to act on the conciliator's award. The FOP's first assignment of error is overruled.

{¶ 47} We affirm the common pleas court's decision to vacate this portion of the conciliator's award and to remand for a rehearing on this issue. However, the court below erred when, upon remanding the matter, it instructed the conciliator to consider new final offers submitted by the parties. While it is unfortunate that there has been such a delay since the original conciliation award, we rely upon the plain reading of R.C. 4117.14 and find that the conciliator shall consider the validly submitted original final offers of the parties. Accordingly, the common pleas court's decision on the wage issue is affirmed in part and reversed in part on the issue of the submission of final offers on remand to the final offer settlement process.

### Assignment of Error No. II

{¶ 48} "The common pleas court erred when it failed to award interest on the wage increases due the employees."

{¶ 49} The FOP argues that interest should have been awarded on the wage increases when the township refused to implement the conciliation award. The common pleas court stated that because it was vacating that portion of the award dealing with the award of wages, there was no arbitration award upon which to assess interest pursuant to R.C. 1343.03. We find no error in the common pleas court's decision on the issue of prejudgment interest. The conciliator exceeded his authority on the wage issue and that portion of the award was vacated. That action is affirmed on appeal. No interest can be assessed on the wages that remain to be awarded. The FOP's second assignment of error is overruled.

{¶ 50} Judgment is affirmed on the discipline issue and prejudgment interest issue. Judgment is affirmed in part and reversed in part on the wage issue and remanded to the common pleas court for proceedings consistent with this opinion.

Judgment accordingly.

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.