This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Jerome Angerstein ("Angerstein"), the Fraternal Order of Police #139, and Ohio Labor Council, Inc., appeal from the judgment of the Summit County Court of Common Pleas which vacated the arbitrator's award reinstating Appellant Angerstein. We affirm.
 {¶ 2} On September 14, 2001, Appellant Angerstein was terminated from Appellee's, Summit County Sheriff, employ. Appellant Angerstein then filed a grievance arguing that Appellee violated the Collective Bargaining Agreement ("CBA") by discharging him. An arbitrator was appointed and a hearing was held. On February 8, 2002, the arbitrator sustained the grievance in part and denied the grievance in part. The arbitrator determined that Appellee had grounds to impose discipline but that Appellant Angerstein's deficiencies did not rise to the level of just cause necessary to sustain a termination. Appellee was ordered to offer Appellant Angerstein reinstatement. Appellant Angerstein did not receive back pay and his time off was converted to disciplinary suspension.
 {¶ 3} Thereafter, Appellee filed a petition for vacation or modification of the arbitrator's award in the Summit County Court of Common Pleas. Appellants filed an answer and counterclaim and an application to confirm the arbitration award. On September 30, 2002, the trial court issued its decision vacating the arbitration award. Appellants timely appealed raising three assignments of error, which have been consolidated to facilitate review.
 ASSIGNMENT OF ERROR I {¶ 4} "The trial court erred in vacating the arbitrator's award pursuant to [R.C.] 2711.10(D) when the arbitrator did not make any findings contrary to or inconsistent with provisions of the [CBA]."
 ASSIGNMENT OF ERROR II {¶ 5} "The trial court erred by engaging in a just cause analysis when that task is solely within the purview of the arbitrator, not with the court reviewing an arbitrator's award pursuant to [R.C.] 2711.10(D)."
 ASSIGNMENT OF ERROR III {¶ 6} "The trial court erred by vacating the arbitrator's award on public policy grounds. There is no public policy prohibiting the reinstatement of a deputy sheriff found to have shown a report generated by one deputy to another deputy within the department."
 {¶ 7} In their three assignments of error, Appellants maintain that the trial court improperly vacated the arbitrator's award. Specifically, Appellants allege that the trial court's analysis under R.C. 2711.10(D) was flawed. Additionally, Appellants argue that the court's additional determinations regarding public policy and the applicable standard of "just cause" were also flawed. Appellants' assignments of error lack merit.
 {¶ 8} In Ohio, courts give deference to an arbitrator's award and presume they are valid. Findlay City School Dist. Bd. of Edn. v. FindlayEdn. Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus, superseded by statute on other grounds (1991), 61 Ohio St.3d 658. See, also, Gingrich v. Wooster (Jan. 10, 2001), 9th Dist. No. 00CA0032, at 9. When parties agree to binding arbitration, they agree to accept the result, regardless of the legal or factual accuracy. Gingrich, supra, at 9, citing Huffman v. Valletto (1984), 15 Ohio App.3d 61, paragraph two of the syllabus.
 {¶ 9} A trial court's ability to review an arbitration award, which is governed by R.C. Chapter 2711, is narrow and limited. WarrenEdn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, 173. A trial court may vacate an award if the arbitrators exceed their powers or imperfectly execute them. R.C. 2711.10(D). This Court has previously explained that "[m]ere error in the interpretation or application of the law will not suffice [to vacate an arbitration award]. The arbitrators' decision must `fly in the face of clearly established legal precedent' to support a vacation of the award." Automated Tracking Systems, Inc. v.Great American Ins. Co. (Oct. 14, 1998), 9th Dist. No. 18906, at 7, quoting Merrill Lynch, Pierce, Fenner Smith, Inc. v. Jaros (C.A.6, 1995), 70 F.3d 418, 421. See, also, Communication Workers of Am., Local#4546 v. Summit Cty. Children Servs. Bd. (Mar. 31, 1999), 9th Dist. No. 19122, at 5. An arbitrator exceeds his power when an award fails to draw its essence from the CBA of the parties. Gingrich, supra, at 10, citingOhio Office of Collective Bargaining v. Ohio Civil. Service EmployeesAssn., Local 11, AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, 179-80. This occurs when there is an absence of "a rational nexus between the agreement and the award," or when the award is "arbitrary, capricious, or unlawful." Gingrich, supra, at 10, citing Findlay City School Dist. Bd.of Edn., 49 Ohio St.3d at 132. "An arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." Ohio Office of Collective Bargaining,59 Ohio St.3d 177 at syllabus.
 {¶ 10} An appeal may be taken from a trial court order that confirms, modifies, corrects, or vacates an arbitration award. WarrenEdn. Assn., 18 Ohio St.3d at 173-74, quoting Lockhart v. American Res.Ins. Co. (1981), 2 Ohio App.3d 99, 101. However, appellate review is limited to a review of the lower court's order, as the original arbitration proceedings are not reviewable, "absent evidence of material mistake or extensive impropriety." Gingrich, supra, at 10, citing Lynchv. Halcomb (1984), 16 Ohio App.3d 223, paragraph two of the syllabus, andLockhart, 2 Ohio App.3d at 101. Accordingly, an appellate court is to discern whether the trial court "erred as a matter of law." Union Twp.Bd. of Trustees v. Fraternal Order of Police, Ohio Valley Lodge, No. 112
(2001), 146 Ohio App.3d 456, 459, citing McFaul v. UAW Region 2 (1998),130 Ohio App.3d 111, 115.
 {¶ 11} In the instant case, the trial court recognized that R.C. 2711.10 provides the basis for vacation of an arbitrator's award and concluded that "the Arbitrator's Award conflicts with the express terms of the agreement and therefore departs from the essence of the CBA making no rational nexus between the agreement and the award, in violation of [R.C.] 2711.10(D)."
 {¶ 12} The court noted that the applicable CBA provision was Section 9.8(C)(1). That section provides:
 {¶ 13} "The arbitrator shall limit his decisions strictly to the interpretation, application, or enforcement of the specific articles and sections of this agreement, and shall be without power or authority to make any decision:
 {¶ 14} "(a) contrary to or inconsistent with or modifying or varying in any way the terms of this agreement or of applicable laws;
 {¶ 15} "(b) contrary to, inconsistent with, changing, altering, limiting, or modifying any practice, policy, rule, or regulation, presently or in the future established by the Employer, so long as such practice, policy, or regulation does not conflict with this agreement."
 {¶ 16} The court then examined the various policies and practices that were implicated. The Code of Ethics of the Summit County Sheriff's Office, a copy of which was provided to Appellant Angerstein, states "I vow to be fully truthful and honest in my dealings with others. I deplore lies and half-truths that mislead or do not fully inform those who must depend upon my honesty. I will obey the very laws I am sworn to uphold. I will seek affirmative ways to comply with the standards of the Summit County Sheriff's Office and the lawful directions of my supervisors." Additionally, the Summit County Jail Policy and Procedure, provided to Appellant Angerstein, states that "[a] confidential report of investigation will be maintained as a confidential record and only released through proper authorization." The court also noted that Appellant Angerstein received a copy of Ohio Ethics Law and Related Statutes. R.C. 102.03 contains restrictions on public employees; "[n]o present or former public * * * employee shall disclose or use, without appropriate authorization, any information acquired by the public * * * employee in the course of the public * * * employee's official duties that is confidential * * * [due to] clear designat[ion] to the public * * * employee as confidential[.]" R.C. 102.03(B).
 {¶ 17} The court then reviewed the arbitrator's findings:
 {¶ 18} "The [a]rbitrator stated in his [a]ward, `[t]here isn't any doubt that [Appellant] Angerstein engaged in inappropriate conduct. Some of his actions are unacceptable. They are indefensible.' The [a]rbitrator further states that [Appellant Angerstein's] actions, which he was terminated from his employment for, were `a violation of law and departmental policies.'" Appellant Angerstein admitted that he revealed a confidential investigation report to the deputy whose family was the target of the investigation.
 {¶ 19} The court then opined that "the [a]rbitrator's own statements clearly demonstrate that he exceeded his powers under the CBA, Section 9.8(C)(1)(a), by making a finding and award that was contrary to or inconsistent with applicable laws. In addition, the [a]rbitrator exceeded his authority under Section 9.8(C)(1)(b) by making a finding and award that was contrary to and inconsistent with the policies and rules set out by the Employer in the Code of Ethics and the Summit County Jail Policy and Procedures."
 {¶ 20} Upon review of the court's order, and the relevant statutes, CBA provisions, and policies involved, we conclude that the trial court did not err as a matter of law in finding that the arbitrator exceeded his powers by fashioning an award that was contrary to and inconsistent with the policies and rules established by Appellee. The trial court could properly determine that there was no rational nexus between the agreement and the award and thus vacate the award pursuant to R.C. 2711.10(D).
 {¶ 21} Additionally, Appellants assert that the trial court also erred by concluding that the arbitrator applied an incorrect standard of "just cause" and by finding that reinstatement of Appellant Angerstein would violate public policy. Assuming without deciding that this was error, we find that the additional analysis was of no effect, and thus harmless, as the arbitrator's award may be vacated under R.C. 2711.10(D). See Civ. R. 61. The journal entry indicates that the arbitrator's violation of R.C. 2711.10(D) was the initial basis for vacation of the award. The court then continues and states that "[i]n addition, the [a]rbitrator did not apply the appropriate standard of `just cause'" and "reinstatement of [Appellant Angerstein] * * * would also violate well established public policy[.]" As the court's basis for vacating the arbitrator's award was a violation of R.C. 2711.10, these additional findings made by the trial court did not affect any substantial rights of Appellants and were therefore harmless. Civ. R. 61. See Leichtamer v.American Motors Corp. (1981), 67 Ohio St.2d 456, 474-75 (harmless error is one which does not affect a substantial right of the parties). Accordingly, Appellants' assignments of error are overruled.
 {¶ 22} Appellants' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
CARR, J., BATCHELDER, J. CONCUR.