DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, the Fraternal Order of Police — Ohio Labor Council, Inc. (FOP) and Sergeant Thomas Coffman, appeal from an order of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} The City of Cuyahoga Falls fired police Sgt. Coffman for gross neglect of duty, theft, conduct unbecoming an officer, sexual harassment and improper use of City equipment. Sgt. Coffman and his union, the FOP, filed a grievance under the City-FOP collective bargaining agreement (CBA), and the case proceeded to arbitration.
 {¶ 3} After three days of hearings, the arbitrator confirmed the City's factual allegations of Sgt. Coffman's conduct, but also concluded that the absence of any prior discipline left Sgt. Coffman without adequate warning of the serious adverse consequences of his continuing and cumulative conduct. Therefore, the arbitrator determined that progressive discipline was a necessary element to a finding of just cause, and ordered that Sgt. Coffman be reinstated at the demoted level of patrol officer and receive back-pay, minus a four month unpaid suspension.
 {¶ 4} Pursuant to R.C. 2711.10, the City filed a petition in the court of common pleas, seeking to vacate the arbitrator's award. The trial court granted the petition, finding that the arbitrator incorrectly interpreted just cause, and under the bargained-for CBA, had no authority to modify the discipline. The critical finding was that the CBA contains no language regarding progressive discipline, and therefore, the arbitrator exceeded her authority by imposing it, thereby crafting her own remedy.
 {¶ 5} Sgt. Coffman and the FOP timely appealed, asserting three assignments of error. We have consolidated these assignments of error and address them together to facilitate review.
 II. First Assignment of Error
"The trial court erred in vacating the arbitrator's award pursuant to O.R.C. § 2711.10(D) when the arbitrator's decision drew its essence from the provisions of the collective bargaining agreement."
 Second Assignment of Error
"The trial court erred by engaging in a just cause analysis when that task is solely within the purview of the arbitrator, not with the court reviewing an arbitrator's award pursuant to O.R.C. § 2711.10(D)."
 Third Assignment of Error
"The trial court erred by holding that the arbitrator was restricted in her determination of the proper remedy."
 {¶ 6} In these three assignments of error, Sgt. Coffman and the FOP essentially challenge the trial court's authority to consider the CBA and limit the arbitrator's role to one in conformance with the CBA. We disagree.
 {¶ 7} A review of the relevant facts and prevailing case law leads this Court to the conclusion that this case is exactly on point with International Association of Firefighters [IAF]v. Columbus (2002), 95 Ohio St.3d 101. In IAF, two firefighters were denied paid injury leave on the basis that their carpal tunnel syndrome was not a disability. Id. at 102. The parties submitted the ensuing grievance to arbitration under their CBA. Id. The arbitrator relied on rules outside the CBA to deny the claims and the firefighters (along with their union) appealed to the common pleas court seeking to vacate the arbitrator's decision. Id. The trial court upheld the arbitrator's decision and, on appeal, the appellate court did the same by "finding that the arbitrator's decision drew its essence from the CBA." Id.
 {¶ 8} However, the Ohio Supreme Court reversed the lower courts and vacated the arbitrator's decision, emphasizing that "an arbitrator may not create a contract of his own by imposing additional requirements not expressly provided for in the agreement." Id. at 104. The IAF Court determined that by creating his own definition of "disability," the arbitrator had added a new provision and "unilaterally abrogated the bargained-for provision." Id. This unilateral adoption ofunbargained-for provisions conflicts with the very concept of a negotiated CBA, "thereby undermining the integrity of the entire collective bargaining process." Id. at 105. Thus, the Court concluded that such a "decision is not rationally derived from the terms of the agreement and that the arbitrator exceeded his powers." Id.
 {¶ 9} In the present case, the arbitrator relied on rules outside the CBA to award the claimants. By creating her own definition of "just cause," the arbitrator created an unbargained-for CBA provision necessitating progressive discipline. Thereafter, the arbitrator imposed her newly created progressive discipline and reinstated Sgt. Coffman at the level of patrol officer with back-pay, minus a retroactive four-month suspension. Sgt. Coffman and the FOP urge that this was the correct decision because the arbitrator's unilateral adoption of a progressive discipline provision drew its essence from the CBA.
 {¶ 10} On appeal to the common pleas court, seeking to vacate the arbitrator's decision, the City argued that the arbitrator's role under the CBA was limited to determination of whether just cause existed to support the termination and that the CBA contained no progressive discipline provision. In accordance with the Supreme Court's IAF decision, the trial court vacated the arbitrator's decision, holding that the arbitrator erroneously applied such an expansive interpretation of "just cause" and exceeded her authority by imposing progressive discipline.
 {¶ 11} On review of a trial court's decision pursuant to R.C.2711.10, this Court considers the trial court order to determine if the trial court erred as a matter of law. Union Twp. Bd. ofTrustees v. Fraternal Order of Police (2001),146 Ohio App.3d 456,459. Based on the above analysis of the present case, we agree with the trial court's determination and its practical application of the prevailing law. See IAF,95 Ohio St.3d at 105. Therefore, the FOP's and Sgt. Coffman's assignments of error are overruled.
 III. {¶ 12} The FOP's and Sgt. Coffman's three assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Boyle, J., concurs.
Carr, P.J., concurs in judgment only.