JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Bringing forth two assignments of error, defendant-appellant Fraternal Order of Police/Ohio Labor Council, Inc. ("the FOP") appeals the trial court's judgment vacating a conciliation award on the ground that the conciliator was biased. For the following reasons, we reverse.
The FOP is the bargaining unit representing law enforcement officers and law enforcement supervisors employed by plaintiff-appellee Hamilton County Sheriff ("the Sheriff"). In July 2002, the parties began negotiating a successor collective bargaining agreement. Because the parties could not agree on the residency requirements and "special duty" compensation rates for the officers, the State Employment Relations Board ("SERB") ordered the parties to submit these issues to binding arbitration, also called conciliation, under R.C. 4117.14. As required by statute, the parties mutually selected a conciliator, Janet Goulet.[1]
On June 13, 2003, four days before the conciliation hearing, the Sheriff filed a motion with SERB to remove Goulet for bias. The Sheriff claimed that, on May 9, 2003, Goulet had issued another conciliation award adverse to the Sheriff in a matter between the Sheriff and another bargaining group representing different employees. The Sheriff maintained that this adverse award was an indication that the conciliator was biased against him.
SERB denied the Sheriff's motion to remove the conciliator on June 19, 2003. Approximately a week later, the conciliator issued her award concerning the two unresolved issues in the instant case. The Sheriff appealed the conciliator's award, which the trial court vacated. The FOP timely appealed.
In its first assignment of error, the FOP contends that the trial court erred by vacating the conciliator's award. In the second assignment of error, the FOP maintains that that trial court erred by denying its motion to confirm the award. Because the assignments involve the same issues, we address them together.
R.C. Chapter 2711 governs the review by a court of common pleas of a final settlement or conciliator's award.[2] The commons pleas court's review is limited, as the court is precluded from reviewing the actual merits upon which the award was based.[3] But the court may vacate the conciliator's award if there was "evident partiality or corruption on the part of the [conciliator]."[4] A party may appeal from a common pleas court's order that vacates a conciliator's award.[5] But the appellate court's review is limited to whether the trial court erred as a matter of law.[6]
The Sheriff maintains that vacating the conciliator's award in this case was proper because Goulet had shown herself to be partial to the FOP after the Sheriff had accused her of partiality in a motion to vacate her previous award to a different set of employees. But in order to vacate a conciliator's award on the ground of partiality, the moving party must provide proof of actual bias.[7]
After thoroughly reviewing the record, we find no proof of a nexus between the conciliator's earlier award and her alleged partiality during the proceedings in the instant case that would demonstrate actual bias. The record demonstrates that the parties mutually selected Goulet, and that the Sheriff was aware at that time that he had another case pending before Goulet involving a different bargaining group. It was not until Goulet had issued her award in the earlier proceeding that the Sheriff moved SERB to remove her for partiality in the instant case. But the Sheriff's mere accusation of partiality relative to the previous award was not such "an insulting attack upon the integrity of [Goulet]" that it carried such potential for bias as to require Goulet to disqualify herself.[8] Further, the record did not demonstrate that Goulet had any undisclosed financial or professional ties to the FOP to make her biased against the Sheriff.
The trial court noted in its decision that Goulet had demonstrated partiality because she had gone to "such an extent" to justify her decision regarding the residency issue. We disagree. Goulet, in determining that the law enforcement officers could reside outside of Hamilton County, simply reiterated that her decision was based mainly on the fact that the Hamilton County Board of Commissioners did not have a residency requirement for this group of employees. We do not see how this comment rose to the level of partiality for the FOP.
Because there was no evidence of partiality or evidence of the other causes set forth in R.C. 2711.10 for vacating a conciliator's award, the trial court erred in vacating the award issued by Goulet. Accordingly, the first and second assignments of error are sustained.
The judgment of the trial court is reversed, and this cause is remanded to the court with instructions to confirm the conciliator's award.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See 4117.14(D)(1).
[2] See 4117.14(G)(8).
[3] Ford Hull-Mar Nursing Home, Inc. v. Marr, Knapp, Crawfis Assoc., Inc. (2000), 138 Ohio App.3d 174, 179, 740 N.E.2d 729.
[4] R.C. 2711.10(B).
[5] Warren Edn. Assn. v. Warren Bd. of Edn. (1985), 18 Ohio St.3d 170,173, 480 N.E.2d 456, quoting Lockhart v. American Res. Ins. Co. (1981),2 Ohio App.3d 99, 101, 440 N.E.2d 1210.
[6] Union Twp. Bd. of Trustees v. Fraternal Order of Police, OhioValley Lodge No. 112, 146 Ohio App.3d 456, 459, 2001-Ohio-8674,766 N.E.2d 1027, at ¶ 6, citing McFaul v. UAW Region 2 (1998),130 Ohio App.3d 111, 115, 719 N.E.2d 632.
[7] Bd. of Trustess of Miami Twp. v. FOP (May 15, 2000), 12th Dist. Nos. CA99-03-028 and CA99-04-031, citing Beck Suppliers, Inc. v. DeanWitter Reynolds, Inc. (1988), 53 Ohio App.3d 98, 102, 558 N.E.2d 1187.
[8] See Ungar v. Sarafite (1964), 376 U.S. 575, 583-585, 84 S.Ct. 841
("We cannot assume that judges are so irascible and sensitive that they cannot fairly and impartially deal with resistance to their authority or with highly charged arguments about the soundness of their decisions.")