DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Brian Lauro ("Lauro") appeals from the decision of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} From 1998 to 2004, Lauro was employed as a patrol officer with the Twinsburg Police Department. On December 6, 2004, he was terminated. Lauro filed a grievance and in accordance with the Collective Bargaining Agreement between the city of Twinsburg ("the City") and the Ohio Patrolmen's Benevolent Association ("the union"), an arbitration hearing was scheduled for June 1, 2005. In May of 2005, Lauro's union appointed legal counsel was replaced. Due in part *Page 2 
to this fact, Lauro filed a motion with the arbitrator to continue the hearing. After determining that more time would not be beneficial to his case, Lauro withdrew his request. The arbitration hearing commenced on June 1, 2005, and after post-hearing briefs were submitted, the arbitrator issued an award sustaining Lauro's termination. On April 25, 2006, Lauro filed an administrative appeal, requesting that the trial court modify or vacate the arbitration award. On June 20, 2006, the City filed a motion to confirm the arbitration award. On April 4, 2007, the trial court denied Lauro's motion to vacate or modify the arbitrator's award and granted the City's motion to confirm. It is from this denial that Lauro timely appeals, asserting three assignments of error for our review. We have combined and rearranged the assigned errors to facilitate our review.
 II. ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN FAILING TO FIND MATERIAL MISTAKE IN THE ARBITRATOR'S AWARD AND MODIFYING OR VACATING THE AWARD ACCORDINGLY."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN FAILING TO VACATE THE AWARD AS THE ARBITRATOR SO IMPERFECTLY EXECUTED HIS POWERS THAT A DEFINITIVE AWARD WAS NOT MADE."
 {¶ 3} In his second and third assignments of error, Lauro contends that the trial court erred in failing to vacate or modify the arbitrator's award on the basis of *Page 3 
a material mistake or because the arbitrator so imperfectly executed his powers that a definitive award was not made. We do not agree.
 {¶ 4} We recognize that Lauro's assignments of error provide a roadmap for the court and direct our analysis of the trial court's judgment. See App. R. 16. However, Lauro requests this Court to conduct a more detailed review of the arbitrator's award than our limited standard of review allows. In his second assignment of error, Lauro contends that the arbitrator made "blatant errors in factual determinations[,]" and in his third assignment of error, he contends that the arbitrator's decision did not "establish by clear and convincing evidence that [Lauro] committed any of this alleged wrongdoing[.]" As his second and third assignments of error would require this Court to conduct a review of the arbitrator's findings of fact, we will address them together.
 {¶ 5} Ohio courts give deference to arbitration awards and presume they are valid. Findlay City School Dist. Bd. of Edn. v. Findlay Edn.Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus. See, also, Gingrich v. Wooster (Jan. 10, 2001), 9th Dist. No. 00CA0032, at *5. When parties agree to binding arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator.Gingrich, supra, at *5.
 {¶ 6} A trial court's ability to review an arbitration award is governed by R.C. 2711. Warren Edn. Assn. v. Warren City Bd. of Edn.
(1985), 18 Ohio St.3d 170, 173. A trial court's review is limited as it is precluded from reviewing the *Page 4 
actual merits upon which the award was based. Ford Hull-Mar NursingHome, Inc. v. Marr, Knapp, Crawfis Assoc, Inc. (2000),138 Ohio App.3d 174, 179.
 {¶ 7} An appeal may be taken from a trial court order that confirms, modifies, corrects, or vacates an arbitration award. R.C. 2711.13. However, an appellate court may only review the lower court's order to discern whether an error occurred as a matter of law. Union Twp. Bd. ofTrustees v. Fraternal Order of Police, Ohio Valley Lodge No. 112 (2001),146 Ohio App.3d 456, 459, citing McFaul v. UAW Region 2 (1998),130 Ohio App.3d 111, 115. Our review is limited to the order. Lockhart, 2 Ohio App.3d at 101. "The original arbitration proceedings are not reviewable." Id.
 {¶ 8} Under R.C. 2711.10, the trial court may vacate an award if any party to the arbitration demonstrates that
 "(A) The award was procured by corruption, fraud, or undue means.
 "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 9} Further, under R.C. 2711.11(A), the trial court may modify or vacate an award if "[t]here was an evident material miscalculation of figures or an *Page 5 
evident material mistake in the description of any person, thing, or property referred to in the award[.]" Therefore, we look to the trial court's order only to determine if it erred as a matter of law by not vacating the arbitration award with respect to R.C. 2711.10 and R.C.2711.11.
 {¶ 10} We note that Lauro failed to transmit to the trial court "any of the numerous paper exhibits admitted during the arbitration hearing." Rather, Lauro only provided the transcript of the arbitration hearing for the trial court's review. A reading of the arbitrator's decision shows that the arbitrator relied not only on the testimony presented at the hearing, but also on the numerous paper exhibits. Without the entire record at its disposal, the trial court correctly presumed the regularity of the arbitration proceeding. E.S. Gallon Co., L.P.A. v.Deutsch (2001), 142 Ohio App.3d 137, 144-145, citing Marra Constructors,Inc. v. Cleveland Metroparks Sys. (1993), 82 Ohio App.3d 557, 563. Therefore, the trial court could not determine if the factors under R.C.2711.10 or R.C. 2711.11 would apply to allow it to vacate or modify the arbitration award. Finding no error in the trial court's legal conclusion, we affirm its decision to confirm the arbitration award. Accordingly, Lauro's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN FAILING TO VACATE THE ARBITRATOR'S AWARD FOR REFUSAL TO GRANT A CONTINUANCE." *Page 6 
 {¶ 11} In his first assignment of error, Lauro alleges that the trial court erred in failing to vacate the arbitrator's award for refusal to grant a continuance. We do not agree.
 {¶ 12} Lauro requested a continuance of the arbitration hearing on May 9, 2005. He stated that the continuance was necessary because his newly retained counsel needed time to properly prepare for the allegations of misconduct. According to Lauro, the arbitrator "demanded a $2,850.00 fee to postpone the hearing." Lauro further argues that "[t]he fact that one of [his] trial counsel later withdrew the request for a continuance is of no significance." However, we cannot find that this fact is of no significance. It is axiomatic that the arbitrator could not "refuse" to grant a continuance if the request to do so is withdrawn. Lauro has failed to cite to any case law that would support such an argument. See App.R. 16(A)(7). Therefore, the trial court did not err when it determined that this was not a factor under which it could vacate the arbitration award. Accordingly, Lauro's first assignment of error is overruled.
 III. {¶ 13} Lauro's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J., CARR, J. CONCUR
 *Page 1