[Cite as *Lorain v. IAFF Local 267*, 2016-Ohio-978.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| CITY OF LORAIN | | C.A. No.    14CA010717 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| IAFF LOCAL #267 | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.    13CV180698 |

DECISION AND JOURNAL ENTRY

Dated: March 14, 2016

MOORE, Judge.

{¶1}   Appellant, the City of Lorain, appeals an order of the Lorain County Court of Common Pleas that vacated an arbitration award. This Court reverses.

I.

{¶2}   When confronted with allegations of sick leave abuse that could be considered theft in office, firefighter Joe Colon consulted with his union representatives, then offered to resign his employment with the Lorain Fire Department. The City gave Mr. Colon time to think about the decision and to consult an attorney; he chose to resign. Several months later, after retaining private counsel, Mr. Colon attempted to grieve his separation from employment under the theory that his resignation was coerced and amounted to a constructive discharge. The City denied the grievance, and the International Association of Firefighters Local 267 advanced the matter to arbitration. Throughout the process, the City maintained that Mr. Colon could not avail

himself of the grievance procedure, which culminates in arbitration, because he voluntarily resigned.

{¶3} The arbitrator ruled that the City did not constructively discharge Mr. Colon and denied the grievance. In so doing, the arbitrator explained that the analysis of the threshold issue of constructive discharge in the context of labor arbitration includes the ultimate question of just cause as part of the totality of the circumstances to be considered. As such, the arbitrator concluded that although termination of Mr. Colon's employment might not have been supported by just cause, the totality of the circumstances indicated that his resignation was not coerced. Having reached this conclusion, the arbitrator denied the grievance.

{¶4} The Union filed a petition to vacate the arbitration award in the Lorain County Court of Common Pleas, and the City filed a motion to enforce the award. The trial court reasoned that the arbitrator's analysis of just cause should have determined the outcome of the case, concluded that the arbitrator exceeded his authority, and granted the Union's motion to vacate the award. The City appealed.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY GRANTING [THE UNION'S] MOTION TO VACATE THE ARBITRATION AWARD WHERE THE ARBITRATOR DID NOT EXCEED HIS AUTHORITY.

{¶5} In its first assignment of error, the City has argued that the trial court erred by vacating the arbitration award based on the conclusion that the arbitrator exceeded his authority. We agree.

{¶6} Ohio's public policy strongly favors arbitration, as expressed in the Ohio Arbitration Act codified in R.C. Chapter 2711. *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d

411, 2011-Ohio-5262, ¶ 18. Consistent with this policy, R.C. Chapter 2711 limits the jurisdiction of trial courts once arbitration has been conducted. *See State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 22. "An arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the grounds enumerated in R.C. 2711.10 and 2711.11. * * * 'The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited.'" *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, ¶ 10, quoting *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 173 (1985). In applying R.C. Chapter 2711, Ohio courts defer to arbitration awards and presume their validity. *Lauro v. Twinsburg*, 9th Dist. Summit No. 23711, 2007-Ohio-6613, ¶ 5. "When parties agree to binding arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator." *Id.*, citing *Gingrich v. Wooster*, 9th Dist. Wayne No. 00CA0032, 2001 WL 22256, *5 (Jan. 10, 2001).

{¶7} R.C. 2711.10(D) provides that an award may be vacated if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the matter submitted to them was not made." "[T]he statutory authority of courts to vacate an arbitrator's award is extremely limited." *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, ¶ 5. Consequently, reviewing courts are limited in their role to a determination of whether an award draws its essence from the relevant contract or whether the award is unlawful, arbitrary, or capricious. *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278, ¶ 13, citing *Bd. of Edn. of the Findlay City School Dist. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129 (1990), paragraph two of the syllabus. "So long as there is a good-faith argument that an arbitrator's award is authorized by the contract that provides the arbitrator's authority, the award is within the

arbitrator's power, but an award 'departs from the essence of a [contract] when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement.'" *Cedar Fair* at ¶ 7, quoting *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11, AFSCME, AFL-CIO*, 59 Ohio St.3d 177 (1991), syllabus.

{¶8} Reviewing courts cannot review claims of factual or legal error with respect to the exercise of an arbitrator's powers. *Martin's Ferry City School Dist. Bd. of Edn. v. Ohio Assn. of Pub. School Emps.*, 7th Dist. Belmont No. 12 BE 15, 2013-Ohio-2954, ¶ 18. "'[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Summit Cty. Bd. of Mental Retardation and Dev. Disabilities v. Am. Fedn. of State, Cty. and Mun. Emps.*, 39 Ohio App.3d 175, 176 (9th Dist.1988), quoting *United Paperworkers Internatl. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). "Once it is determined that the arbitrator's award draws its essence from the [agreement] and is not unlawful, arbitrary, or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." *Bd. of Edn. of the Findlay City School Dist. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129 at paragraph two of the syllabus (superseded by statute on other grounds as noted in *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emps., AFL-CIO*, 61 Ohio St.3d 658, 662 (1991)).

{¶9} The collective bargaining agreement at issue in this case contains a grievance procedure that culminates in final, binding arbitration. With respect to discipline, the collective bargaining agreement provides that "[a]ll discipline involving a reduction, demotion or suspension, discharge, or any written reprimand that could reasonably lead to discipline

involving a reduction, demotion or suspension or discharge, shall be appealable pursuant to Article 9, the grievance procedure." When Mr. Colon grieved his separation from employment under a theory of constructive discharge, the following was memorialized by the arbitrator as the parties' understanding of the issues submitted under the grievance procedure:

> *1. Arbitrability.* The hearing will not be bifurcated between jurisdiction and merits but will proceed with the employer having the burden on both, presenting evidence on both issues subject to rebuttal later by the employee/union.
>
> *2. Constructive Discharge.* The employer has the burden of proof and persuasion of just cause. Where constructive discharge has been alleged just cause is typically supplied by proof of voluntary resignation which the employer must show. The employee/union may rebut the showing proving that the separation was a constructive discharge.

The arbitrability issue related to whether the Union violated the grievance procedure and is not at issue at this stage of the proceedings. The arbitrator ultimately issued a 62-page award. The first 26 pages set forth the procedural background of the case then summarized the respective positions of the parties. The arbitrator's factual findings comprised another 20 pages of the award.

{¶10} Turning to the second issue submitted, the arbitrator explained the arbitral precedent for analyzing claims of constructive discharge. The arbitrator noted that the lynchpin of the constructive discharge analysis is the voluntariness of the resignation at issue and discussed the factors relevant to analysis of voluntariness with particular attention to the question of coercion when an employee is faced with potential termination. In that context, the arbitrator wrote that the appropriate analysis considers the totality of the circumstances, including whether the underlying allegations of misconduct would have been supported by just cause. The arbitrator concluded that with respect to potential discipline against him, Mr. Colon's resignation was voluntary, but because the allegations of misconduct would not have supported a termination

for just cause, the resignation bore indicia of coercion. With respect to the potential for prosecution due to theft in office, however, the arbitrator concluded that Mr. Colon's resignation was voluntary and uncoerced.

{¶11} The arbitrator's award therefore analyzed the issue submitted to it – Mr. Colon's alleged constructive discharge – in light of the relevant arbitral precedent as the arbitrator understood it. The award draws its essence from the collective bargaining agreement and the issue submitted by the parties. It was not unlawful, arbitrary, or capricious. We must emphasize that a reviewing court's analysis of this issue is extremely deferential. *Cedar Fair,* 2014-Ohio-3943, at ¶ 5. In this case, it is clear that the trial court disagreed with the arbitrator's analysis of the issue of constructive discharge, as evidenced by the trial court's review of the findings of fact and its conclusion that the arbitrator erroneously applied precedent to those facts. But that is not the role of a reviewing court in the context of R.C. 2711.10(D). Neither strong disagreement nor the belief that an arbitrator committed serious error is grounds for vacating an award. *See Summit Cty. Bd. of Mental Retardation and Dev. Disabilities*, 39 Ohio App.3d at 176.

{¶12} The trial court erred by determining that the arbitrator exceeded the scope of his authority, and the City's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY SUBSTITUTING ITS OWN LEGAL CONCLUSIONS AND FACTUAL FINDINGS FOR THOSE OF THE ARBITRATOR.

{¶13} In its second assignment of error, the City argues that the trial court erred by substituting its own legal and factual analysis for the conclusions of the arbitrator. In light of our

resolution of the City's first assignment of error, this assignment of error is moot. *See* App.R. 12(A)(1)(c).

III.

**{¶14}** The City's first assignment of error is sustained. The City's second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JEREMY D. IOSUE, DAVID L. HARVEY III, MATTHEW B. ABENS, and JASON T. HARTZELL, Attorneys at Law, for Appellant.

KENNETH S. STUMPHAUZER, Attorney at Law, for Appellee.