[Cite as *Summit Cty. Sheriff v. Fraternal Order of Police*, 2017-Ohio-72.]

STATE OF OHIO      )
                   )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

SUMMIT COUNTY SHERIFF

    Appellee

    v.

FRATERNAL ORDER OF POLICE, et al.

    Appellants

C.A. No.     28019

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-06-3032

DECISION AND JOURNAL ENTRY

Dated: January 11, 2017

MOORE, Presiding Judge

**{¶1}** Appellant, the Fraternal Order of Police, appeals an order that vacated an arbitration award. This Court reverses.

I.

**{¶2}** Deputy Angela Molea submitted a request to her employer, the Summit County Sheriff, to use bereavement leave to attend the funeral of her husband's grandfather under a provision of the parties' collective bargaining agreement that permitted the use of bereavement leave for "grandparents." Although similar requests had been granted in the past, the Sheriff denied her request, citing the execution of a new collective bargaining agreement and a memorandum from the Sheriff informing employees that all past practices had been discontinued as a result. Instead, the Sheriff informed Deputy Molea that she could request sick leave to cover her absence.

{¶3} Deputy Molea grieved the decision, and the Union pursued the grievance through arbitration on her behalf. On May 21, 2015, arbitrator William C. Binning issued an award in favor of Deputy Molea, concluding that the terms of the collective bargaining agreement were ambiguous, that the ambiguity could be resolved by resort to the parties' established past practices, and that the Sheriff's memorandum constituted an attempt to circumvent the collective bargaining process.

{¶4} The Sheriff filed an application to vacate or modify the arbitration award, and the Union filed an application to confirm the award styled as a counterclaim. The trial court concluded that the Arbitrator exceeded his authority by relying on the parties' past practice and vacated the award. The Union filed this appeal.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN VACATING AND MODIFYING THE ARBITRATION AWARD BY FINDING THAT THE ARBITRATOR EXCEEDED HIS AUTHORITY IN INTERPRETING ARTICLE 24 OF THE COLLECTIVE BARGAINING AGREEMENT.

{¶5} The Union's first assignment of error is that the trial court abused its discretion by granting the Sheriff's application to vacate the arbitration award. We agree.

{¶6} Ohio's public policy strongly favors arbitration, as expressed in the Ohio Arbitration Act codified in R.C. Chapter 2711. *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, ¶ 18. Consistent with this policy, R.C. Chapter 2711 limits the jurisdiction of trial courts once arbitration has been conducted. *See State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 22. "An arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the grounds enumerated in R.C. 2711.10 and 2711.11. * * * 'The jurisdiction of the courts to review arbitration awards

is thus statutorily restricted; it is narrow and it is limited.'" *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, ¶ 10, quoting *Warren Edn. Assn. v. Warren City Bd. of Edn*., 18 Ohio St.3d 170, 173 (1985). In applying R.C. Chapter 2711, Ohio courts defer to arbitration awards and presume their validity. *Lauro v. Twinsburg*, 9th Dist. Summit No. 23711, 2007-Ohio-6613, ¶ 5. "When parties agree to binding arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator." *Id*., citing *Gingrich v. Wooster*, 9th Dist. Wayne No. 00CA0032, 2001 WL 22256, *5 (Jan. 10, 2001).

**{¶7}** R.C. 2711.10(D) provides that an award may be vacated if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the matter submitted to them was not made." "[T]he statutory authority of courts to vacate an arbitrator's award is extremely limited." *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, ¶ 5. Consequently, reviewing courts are limited in their role to a determination of whether an award draws its essence from the relevant contract or whether the award is unlawful, arbitrary, or capricious. *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278, ¶ 13, citing *Bd. of Edn. of the Findlay City School Dist. v. Findlay Edn. Assn*., 49 Ohio St.3d 129 (1990), paragraph two of the syllabus (superseded by statute on other grounds as noted in *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emps., AFL-CIO*, 61 Ohio St.3d 658, 662 (1991)). "So long as there is a good-faith argument that an arbitrator's award is authorized by the contract that provides the arbitrator's authority, the award is within the arbitrator's power, but an award 'departs from the essence of a [contract] when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement.'" *Cedar Fair, L.P.* at ¶ 7, quoting *Ohio Office of Collective*

*Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11, AFSCME, AFL-CIO*, 59 Ohio St.3d 177 (1991), syllabus.

{¶8} Reviewing courts cannot review claims of factual or legal error with respect to the exercise of an arbitrator's powers. *Martins Ferry City School Dist. Bd. of Edn. v. Ohio Assn. of Pub. School Emps.*, 7th Dist. Belmont No. 12 BE 15, 2013-Ohio-2954, ¶ 18. "'[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Summit Cty. Bd. of Mental Retardation & Dev. Disabilities v. Am. Fedn. of State, Cty. & Mun. Emps.*, 39 Ohio App.3d 175, 176 (9th Dist.1988), quoting *United Paperworkers Internatl. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). "Once it is determined that the arbitrator's award draws its essence from the [agreement] and is not unlawful, arbitrary, or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." *Bd. of Edn. of the Findlay City School Dist.*, 49 Ohio St.3d 129 at paragraph two of the syllabus.

{¶9} In this case, the parties agreed on the issue submitted to the arbitrator: "Whether the Employer violated the Collective Bargaining Agreement when it refused to provide bereavement leave to the Grievant for the death of her husband's grandfather? If so, what shall the remedy be?" The facts were, similarly, not disputed. For many years, bargaining unit employees were permitted to use funeral leave in connection with the death of a spouse's grandparent. During this period of time, several collective bargaining agreements were negotiated. During negotiations related to the collective bargaining agreement that became effective on May 29, 2014, the Sheriff proposed substantive changes to the funeral leave provisions, but that proposal was withdrawn. As a result, the funeral leave provision in the new

collective bargaining agreement was unchanged from its existing form. On the same date that the collective bargaining agreement took effect, the Sheriff unilaterally notified bargaining unit members of his intention to discontinue all past practices that arose under prior agreements:

> Upon final execution of the 2014-2016 Collective Bargaining Agreement between the (Deputies Unit F.O.P. 139) and the Summit County Sheriff's Office, the Sheriff's Administration will be following articles of the Collective Bargaining Agreements as explicitly written. Please understand that this may change several protocols on how certain articles of the collective bargaining agreement as well as other operational agreements have been interpreted and implemented in the past which is the cause of this notification.
>
> * * *
>
> As stated above, due to the execution of a new agreement, all past practices and prior agreements as it relates to conditions of employment and certain interpretations of several articles of the contract will be hereby void and of no effect unless mutually agreed upon through future agreements.

Deputy Molea requested three days of bereavement leave for the death of her husband's grandfather under Article 24, Section 24.1 of the Collective Bargaining Agreement, which provides:

> Bargaining unit employees shall be entitled to up to three (3) paid days funeral/bereavement leave to attend the funeral of any of the following individuals related to the individual: husband, wife, child(ren), mother, mother-in-law, father, father-in-law, sister, sister-in-law, brother, brother-in-law, daughter-in-law, son-in-law, grandchild(ren), grandparents, step-parent, half-brothers, half-sisters, aunts, uncles, nieces, nephews, and legal guardian or other person who stands in the place of a parent.

The Sheriff denied Deputy Molea's request, but indicated that she could submit a request for sick leave.

{¶10} Turning to the language of the contract, the arbitrator noted that the meaning of the word "grandparents" in the context of the funeral leave policy is ambiguous and explained that, consequently, the meaning ascribed to it must be "the manner in which the parties have used the word." In that respect, the arbitrator noted that "For over a decade, it meant both the

grandparent of the union member and the grandparent of the spouse of the union member," and that the Sheriff withdrew his proposal to change the funeral leave provisions during contract negotiations. The arbitrator concluded that the under the circumstances, the term "grandparents" had been given the meaning advocated by the Union, the collective bargaining language was unchanged, and the Sheriff could not unilaterally discontinue a past practice evidencing that understanding when he failed to obtain that result through negotiation. Accordingly, the arbitrator sustained the grievance.

{¶11} The trial court vacated the award under R.C. 2711.10(D), concluding that the arbitrator exceeded his powers. In so doing, the trial court disagreed with the arbitrator's legal analysis, concluding that the term "grandparents" was not ambiguous and vacating the award on the grounds that "the arbitrator's award is contrary to Ohio law because he refused to give a word in the contract its plain and ordinary meaning" and contradicted the express terms of the agreement. The trial court's decision, however, goes beyond the limited determination authorized under R.C. 2711.10(D) to an examination of the merits of the dispute. Viewed through that lens, the reviewing court must ask whether an award draws its essence from the relevant contract and whether the award is unlawful, arbitrary, or capricious. *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters,* 99 Ohio St.3d 476, 2003-Ohio-4278, at ¶ 13.

{¶12} The arbitrator in this matter undertook a detailed analysis of the contract terms, bearing in mind the well-established labor arbitration principle that "Where practice has established a meaning for language contained in past contracts and continued by the parties in a new agreement, the language will be presumed to have the meaning given to it by that practice." Elkouri & Elkouri, *How Arbitration Works*, Chapter 12.8, at 623 (6th Ed.2003). In doing so, he

did not disregard or contradict the express terms of the agreement, but applied and construed the collective bargaining agreement within the scope of the matter submitted to him. In other words, the award draws its essence from the collective bargaining agreement and, as such, the reviewing courts' inquiry under R.C. 2711.10(D) is at an end. *Bd. of Edn. of the Findlay City School Dist.*, 49 Ohio St.3d 129 at paragraph two of the syllabus. "Neither strong disagreement nor the belief that an arbitrator committed serious error is grounds for vacating an award." *Lorain v. IAFF Local #267*, 9th Dist. Lorain No. 14CA010717, 2016-Ohio-978, ¶ 11, citing *Summit County Bd. of Mental Retardation & Dev. Disabilities*, 39 Ohio App.3d at 176.

{¶13} The Union's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANTS' APPLICATION TO CONFIRM THE ARBITRATION AWARD.

{¶14} The Union's second assignment of error argues that the trial court erred in vacating the award instead of confirming it. Because this Court has sustained the Union's first assignment of error, the merits of the second assignment of error are premature.

III.

{¶15} The Union's first assignment of error is sustained. The second assignment of error is premature. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶16} I agree with the majority's disposition of this case, but write separately to clarify why I believe the trial court erred with respect to the Union's first assignment of error.

{¶17} As the majority correctly points out, "[s]o long as there is a good-faith argument that an arbitrator's award is authorized by the contract that provides the arbitrator's authority, the award is within the arbitrator's power[.]" *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, ¶ 7. An award, however, "'departs from the essence of a [contract] when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational

support or cannot be rationally derived from the terms of the agreement.'" (Alteration sic.) *Id.*, quoting *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11, AFSCME, AFL–CIO*, 59 Ohio St.3d 177 (1991), syllabus.

{¶18} Here, the trial court held that the arbitrator's award violated the express terms of the collective bargaining agreement because the arbitrator refused to give the word "grandparents" its plain and ordinary meaning. In reaching this conclusion, the trial court opined that "[t]here is no ambiguity in the word grandparents." But "[t]he question of the meaning of [a] term[] is for the arbitrator in the first instance[,]" and a trial court may not reject the arbitrator's interpretation simply because the trial court disagrees with it. *Professionals Guild of Ohio v. Franklin Cty. Children Servs.*, 10th Dist. Franklin No. 08AP-592, 2008-Ohio-6682, ¶ 18; *Stow Firefighters, IAFF Local 1662 v. Stow*, 9th Dist. Summit No. 25209, 2011-Ohio-1559, ¶ 23; *see Bd. of Educ., Brunswick City School Dist. v. Brunswick Educ. Assn.*, 9th Dist. Medina No. 2233-M, 1994 WL 57757, *3 (Feb. 16, 1994) ("[T]he arbitrator is empowered with the authority to interpret the terms of the contract."). Thus, the arbitrator's interpretation of the collective bargaining agreement, and not the trial court's interpretation, governs. *City of Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 52 Ohio St.3d 174, 177 (1990). I, therefore, would hold that the trial court erred by substituting its own interpretation of the word "grandparents" and holding that the arbitrator exceeded his authority by failing to give the word its plain and ordinary meaning according to the trial court's interpretation.

APPEARANCES:

GWEN CALLENDER and PAUL L. COX, Attorneys at Law, for Appellants.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Appellee.